**UNITED STATES of America**

v.

**Joseph W. BAILEY, Appellant.**

**No. 73–1693.**

United States Court of Appeals,
District of Columbia Circuit.

May 6, 1974.

Frank F. Flegal, Washington, D. C., was on the motion, for movants.

Earl J. Silbert, U. S. Atty., with whom John A. Terry and Albert H. Turqus, Asst. U. S. Attys., were on the opposition.

Before WRIGHT and MacKINNON, Circuit Judges.

## ORDER

On consideration of the motion of James Sakolosky and Delbert R. Terrill for leave to enter their appearances pursuant to Rule 20 and of the response thereto, it is

Ordered by the Court that the aforesaid motion to enter appearances is denied.

## PER CURIAM:

The motion before us presents a novel question of law: namely, does 18 U.S.C. § 205 (1970), which prohibits a federal employee from appearing as an "agent or attorney" on behalf of anyone in a proceeding to which the United States is a party, bar a federal employee enrolled in part-time legal studies from entering an appearance under Rule 20 of the rules of this court?

The statutory language is clear, and reads in relevant part:

Whoever, being an officer or employee of the United States in the executive, legislative, or judicial branch of the Government or in any agency of the United States, including the District of Columbia, otherwise than in the proper discharge of his official duties—

.    .    .    .    .    .

(2) acts as agent or attorney for anyone before any department, agency, court, court-martial, officer, or any civil, military, or naval commission in connection with any proceeding, application, request for a ruling or other determination, contract, claim, controversy, charge, accusation, arrest, or other particular matter in

which the United States is a party or has a direct and substantial interest—

Shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

I. *PROVISIONS FOR LAW STUDENTS TO APPEAR IN THIS COURT*

I. *Eligibility*

(a) An eligible law student may enter an appearance in this Court on behalf of any indigent criminal appellant entitled to the assignment of counsel. For this purpose, criminal appellants shall include persons seeking postconviction relief in collateral proceedings. The person on whose behalf he is appearing must indicate in writing his consent to that appearance and a supervising lawyer must also indicate in writing his approval of that appearance.

(b) An eligible law student may also appear in any criminal matters on behalf of the government with the written approval of the United States Attorney or his authorized representative and of the supervising lawyer.

(c) In each case the written consent and approval referred to above shall be filed in the record of the case and shall be brought to the attention of the Court.

(d) An eligible law student may engage in other activities under the general supervision of a member of the bar of this Court outside the personal presence of that lawyer for the purpose of preparation of briefs, abstracts, and other documents to be filed in this Court but such documents must be signed by the supervising lawyer.

(e) An eligible law student may participate in oral argument in this Court but only in the presence of the supervising lawyers. (Added March 16, 1972)

II. *Requirements And Limitations*
(Added March 16, 1972)

(a) In order to make an appearance pursuant to this rule, the law student must: (Added March 16, 1972)

(1) Be duly enrolled in a law school approved by the American Bar Association. (Added March 16, 1972)

(2) Have completed legal studies amounting to at least four semesters, or the equivalent if the school is on some basis other than a semester basis. (Added March 16, 1972)

(3) Be certified by the dean of his law school as being of good character and competent legal ability, and as being adequately trained to perform as a legal intern. (Added March 16, 1972)

(4) Be introduced to the Court in which he is appearing by an attorney admitted to practice in that Court. (Added March 16, 1972)

(5) Neither ask for nor receive any compensation or remuneration of any kind for his services from the person on whose behalf he renders service, but this shall not prevent a lawyer, legal aid bureau, law school, public defender agency, or the government from paying compensation to the eligible law student, nor shall it prevent any agency from making such charges for its services as it may otherwise properly require. (Added March 16, 1972)

III. *Certification*
(Added March 16, 1972)

(a) The certification of a student by the law school dean shall be filed with the Clerk of Court and, unless it is sooner withdrawn, shall remain in effect until the expiration of 18 months after it is filed, or until the announcement of the results of the first bar examination following the student's graduation, whichever is earlier. For any student who passes that examination or who is admitted to the bar without taking an examination, the certification shall continue in effect until the date he is admitted to the bar. (Added March 16, 1972)

(b) The certification may be withdrawn by the dean at any time by mailing a notice to that effect to the Clerk of the Court. It is not necessary that the notice state the cause for withdrawal *unless requested by the student.*

(c) The certification may be terminated by this Court at any time without notice or hearing and without any showing of cause. (Added March 16, 1972)

IV. *Supervision*
(Added March 16, 1972)

The member of the bar under whose supervision an eligible law student does any of the things permitted by this rule shall: (Added March 16, 1972)

(1) Be a lawyer in good standing of the bar of this Court. (Added March 16, 1972)

(2) Assume personal professional responsibility for the student's guidance in any work undertaken and for supervising the quality of the student's work. (Added March 16, 1972)

(3) Assist the student in his preparation to the extent the supervising lawyer considers 'it necessary. (Added March 16, 1972)

Rule 20 permits participation by "eligible law students" in appellate representation of indigents and provides for their supervision by a member of the bar.[1]

Movants are both employees of the federal government. One is a captain in the United States Air Force assigned to non-legal duties editing an Air Force publication. The other is employed in the Office of the General Counsel of the Environmental Protection Agency, where he does legal research and writing and investigative work in the field of environmental law. Both are students in good standing of the evening division of Georgetown Law School, and are enrolled in the Appellate Litigation Seminar. As part of their academic work, both movants have already participated in investigation and drafting of legal memoranda in this case,[2] and both represent that their employers are aware of their activities in the seminar. With the exception of 18 U.S.C. § 205, neither movant considers he has a conflict of interest which would preclude his appearance under the terms of Rule 20.

Movants make two principal arguments for their eligibility to appear in this case. The first is that the terms of the statute do not apply to such appearances. They argue that the role of a law student appearing in this court is neither that of an "attorney" nor that of an "agent" for the appellant. Movants cite Harrison v. United States, 128 U.S. App.D.C. 245, 387 F.2d 203 (1967) for the proposition that "the bedrock minimum" attribute of an attorney is his membership in a bar, and therefore the term "attorney" cannot be used to apply to an "eligible law student." The attorney in this case, movants argue, is the supervising member of the bar, and the students are merely assistants or "legal interns."

We do not find the citation of *Harrison* compelling. The issue in that case was whether testimony elicited from a defendant during one trial by his attor-

ney, an imposter posing as a member of the bar, could be admitted in a subsequent trial. The court held it could not, because, where effective assistance of counsel had been denied, "[t]he proceeding is void, the occurrences therein are vitiated . . . ." 128 U.S.App.D. C. 245, 254, 387 F.2d 203, 212. Here, however, a special rule of court permits movants to act as agents for criminal appellants.

Movants also contend that in participating as "eligible law students" they are not "agents" for the appellant, because acts of theirs do not bind him as the principal. All services performed by student advocates are subject to the control of the supervising attorney. At all times, movants contend, it is the attorney who retains the exclusive right to act as the appellant's agent.

■ However, this interpretation of the function of "eligible law students" ignores the scope of the authority delegated under our student advocacy program. Substantial responsibility for investigation, drafting and argument may be given to students by the attorney. Such duties and continuous evaluation and supervision by the supervising attorney bring students within the definition of "subagents" appointed by agents with the consent of the principal.[3] As such, they are clearly within the scope of the ban contained in 18 U.S.C. § 205. *See* Restatement (Second) of Agency § 5 (1957).

Finally, movants contend that permitting them to appear will not frustrate the legislative intent of 18 U.S.C. § 205, which was designed primarily to deal with corruption and abuses of inside information by government employees. While situations might arise in which federal employees would have access to material which would create a conflict of

---

2. Earlier in the course of this litigation, one of the movants entered an appearance on behalf of the appellant pursuant to Rule 20. At that time, he was not an employee of the federal government. Since accepting a position with the government, he has not signed any of the documents filed on behalf of ap-

pellant or appeared in any subsequent proceedings.

3. As provided by § I(a) of Rule 20, the appellant has given his written consent to the movants' appearance on his behalf.

interest between their official duties and participation as "eligible law students" in appellate advocacy before this court, movants assert that they have no such conflicts. Neither has access to any investigative or prosecutorial information, and there is no connection between their official duties and the instant criminal appeal.

We must reject movants' attempts to narrow and distinguish the prohibition of § 205. We need not address legislative intent when the statutory "legal interns" language is clear and unambiguous on its face. While "legal interns" who were employed by the government and were also acting as agents principally for criminal appellants charged by the government was not one of the problems that led Congress in the first place to prohibit federal employees from so acting[4] in court and other proceedings, the clear wording of the statute unmistakably compels that result.[5] Moreover, the principal intent of the act is to avoid conflicts of interest between an employee's duty to his employer and his duty to his client or principal. In the ordinary situation contemplated by the act, it would be the government that would be the victim, but criminal cases could pose special problems where the defendant might also suffer, or claim to suffer, from his agent or attorney occupying a dual role, especially one where his motives might be questioned. We thus see no basis for construing the act contrary to its express wording.

The motion for leave to enter appearances under Rule 20 is denied.

So ordered.

4. The "legal intern" program did not exist when the statute was enacted.

5. Congress fashioned several exceptions to the prohibition in the statute itself, such as the following:

Nothing herein or in section 203 prevents an officer or employee, including a special Government employee, from acting, with or without compensation, as agent or attorney for his parents, spouse, child, or any person for whom, or for any estate for which, he is serving as guardian, executor, administrator, trustee, or other personal fiduciary except in those matters in which he has participated personally and substantially as a Government employee, through decision, approval, disapproval, recommendation, the rendering of advice, investigation, or otherwise, or which are the subject of his official responsibility, provided that the Government official responsible for appointment to his position approves.

