David LAU et al., Plaintiffs,

v.

**STANDARD OIL COMPANY OF CALIFORNIA, Defendant.**

**No. C 72 434 WTS.**

United States District Court, N. D. California.

Feb. 19, 1975.

Monroe Baer, Jr., San Francisco, Cal., for plaintiff.

Pillsbury, Madison & Sutro, San Francisco, Cal., for defendant.

## MEMORANDUM OF DECISION

SWEIGERT, District Judge.

The complaint alleges in substance that defendant Standard Oil Company of California, engages in a general pattern of discrimination by which certain minority employees, and all women employees, including the three named plaintiffs, are by various devices denied promotional opportunities and relegated to low-paying menial positions—all because of their race and national origin, and, as to women, because of their sex; that plaintiff, Lau, an Asian-American service station employee had been discriminatorily discharged in 1971; that plaintiff, Perryman, a black service station employee had been discriminatorily demoted from his job; and that plaintiff, Rodriguez, a Chicano female stenographer at defendant's corporate headquarters, had been discriminatorily discharged in 1971.

The case is before the Court on cross-motions for determination of class action under Rule 23; also on a still pending plaintiffs' motion for partial summary judgment.

Plaintiffs seek to represent a class defined as all black, Spanish surnamed, Asian, and female persons who are presently employed, who are applicants for employment, who are potential applicants for employment, and all such persons who are presently terminated but were formerly employed at certain of defendant's facilities, i. e., at all retail service stations in San Francisco; at the Oakland Division of the Western Operations Inc. Marketing Department; and at the San Francisco Departments and Staffs of Standard Oil Company of California and Western Operations Inc.; and who have been, continue to be, or might be adversely affected and whose right to equal employment opportunity has been denied by virtue of employment practices, customs and usages set forth in the complaint.

One requirement for class action status is that the named plaintiffs will fairly and adequately protect the class they seek to represent. Fed.R.Civ.P. 23(a)(4).

This action was filed March 10, 1972, but it was not until seven months later that plaintiffs took a first step toward discovery by filing in October, 1972, some interrogatories and a request for documents to both of which defendant had responded by December, 1972.

Since nothing then was done by plaintiffs for a further one year period the case came before the Court on September 28, 1973, for dismissal under Local Rule 119.

Still nothing was done by plaintiffs—except to move on October 9, 1973, to overrule objections to interrogatories to which defendant had otherwise responded ten months before.

On June 14, 1974, nothing further having been done by plaintiffs for nine months, the case was again called on the Dismissal Calendar; it was not dismissed at that time because plaintiff had a few days before the call filed a motion for summary judgment—a motion which the Court finds to be specious, wholly without merit and, therefore, denied.

Although Fed.R.Civ.P. 23(c)(1) provides that "as soon as possible after the commencement of an action," the Court shall determine by order whether it is to be so maintained, plaintiffs had not for well into three years moved the Court for class action determination; it was defendant, itself, who in June, 1974, moved that class action status be determined by denying it.

It is this motion, together with plaintiffs' subsequently filed cross-motion to grant class status that is now before the Court.

Local Rule 103(b) of this Court provides that counsel shall proceed with reasonable diligence to take all steps necessary to bring an action to issue and readiness for pre-trial and trial. Rule 41 Fed.R.Civ.P., provides that for failure of a plaintiff to prosecute or failure to comply with those rules or any

order of Court, a defendant may move for dismissal of an action.

It appears obviously from the record in this case, and the Court finds, that these plaintiffs have failed to prosecute this action with reasonable diligence and, that for this reason, plaintiffs would not fairly and adequately protect the class they now seek to represent within the meaning of Rule 23(a)(4).

In our opinion it is important that the Courts take proper action to assure that class actions, which are difficult at best and require great diligence, are brought by plaintiffs who, by their own and their chosen counsel's diligence will be able to fairly represent the desired class. This has been recognized in similar situations in this District in *Carlisle v. International Harvester,* (C 69–596 ACW–Nor.Dist.Calif. 5/10/72) and in other Districts, e. g., *Adise v. Mather,* 56 F.R.D. 492 (D.Colo.1972).

Further, according to the record of this Court, plaintiffs have engaged and have been represented in this action by a counsel who, himself, has pending in this Court, his own personal action (C–71–2106–OJC) against the very same defendant, alleging that he, a former employee of that defendant, was discharged on March 8, 1971, because of his Jewishness—a discharge for which he is seeking for himself compensatory damages in the amount of $850,000.

Although it is not necessary to rest our decision entirely upon the point, this possible conflict of interest of plaintiff's counsel, as between his own interests and his clients' interests, is such as to raise further doubt as to whether these plaintiffs will be able to fairly and adequately protect the class they seek to represent. The fact that the counsel in this case claims to have recently associated other counsel with him in this case does not sufficiently negate such a possible conflict of interest.

Upon the foregoing findings the Court concludes that the motion of defendant to determine that the action may not be maintained as a class action is granted; plaintiffs' cross-motion on the same issue is denied.

The Court also reserves the power to dismiss the action as to the individual named plaintiffs for lack of prosecution.