**Arthur L. MARTIN, Plaintiff,**

v.

**J. William MIDDENDORF, Defendant.**

**C. A. No. 76–559.**

United States District Court,
District of Columbia.

Sept. 16, 1976.

---

5. Fla.Stat. § 103.021(3).

Arthur L. Martin, pro se.

Michael J. Ryan, Asst. U.S. Atty., Washington, D.C., for defendant.

## ORDER

CHARLES R. RICHEY, District Judge.

This case is before the Court on plaintiff's motion for class certification. Plaintiff initiated this lawsuit to complain on his own behalf and on behalf of all other past, present, and future black engineers, applicants for engineering positions, and other professional and semi-professional blacks, women and minority persons who were employed, are employed, or will seek employment with the Headquarters of the Naval Sea Systems Command in the Department of the Navy. The gravamen of plaintiff's complaint is that the supervisory and managerial staff at the Command has engaged in acts and practices which have operated systematically to deprive him, as an individual and as a member of the above-mentioned class, of equal employment opportunities with respect to training, hiring, promotion, assignments, and other personnel actions and decisions. Plaintiff's suit is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq., as amended* by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e–16, and plaintiff seeks, *inter alia*, declaratory and injunctive relief and back pay.

The Court notes that plaintiff, a non-lawyer, is proceeding *pro se*, his counsel having withdrawn earlier in this case. The fact that plaintiff, as a layman, seeks to represent a class of employees raises grave problems with respect to the requirement of Fed.R.Civ.P. 23(a)(4) that "the representative parties will fairly and adequately protect the interests of the class." There are very few cases dealing with the question of representation of a class by a *pro se* plaintiff who is not an attorney. This is undoubtedly because the overriding presumption in class actions is that the named representatives and the class will be represented by legal counsel. Thus, Judge Rosenn of the Third Circuit Court of Appeals has written:

> Adequate representation depends on two factors: (a) the plaintiff's *attorney* must be qualified, experienced, and generally able to conduct the proposed litigation, and (b) the plaintiff must not have interests antagonistic to those of the class. *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 562 (2d Cir. 1968).

*Wetzel v. Liberty Mutual Insurance Co.*, 508 F.2d 239, 247, *cert. denied*, 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975) (emphasis added).

In the recent case of *Oxendine v. Williams*, 509 F.2d 1405 (1975), the Fourth Circuit Court of Appeals had occasion to deal with this question. Plaintiff Oxendine, an inmate at a state penitentiary, challenged conditions at the institution on his own behalf and on behalf of all other inmates there incarcerated. The district court allowed the case to proceed as a class action and entered judgment for the defendant. Neither party raised the issue of the propriety of class action on appeal, but the court of appeals nonetheless found it "plain error" for the district court to have treated the case as a class action:

> Ability to protect the interests of the class depends in part on the quality of counsel . . . . and we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others. Cf. *Anderson v. Moorer*, 372 F.2d 747, 751 n. 5 (5th Cir. 1967).

509 F.2d at 1407. *See Fore v. Godwin*, 407 F.Supp. 1145, 1147 (E.D.Va.1976).

The Court recognizes, of course, that each *pro se* plaintiff presents a different case

and possesses a different level of proficiency. To be sure, plaintiff in the instant case has demonstrated in his memorandum in support of class certification a familiarity with the applicable statutes and case law involved in this case. But plaintiff has not convinced the Court that he can overcome the built-in disadvantage which a layman, presumably unfamiliar with various substantive and procedural aspects of the law applicable to his case, must face in attempting to prove that case, on behalf of a class, against experienced counsel for the government. As one noted treatise states:

> If the absent members are to be conclusively bound by the result of an action prosecuted . . . by a party alleged to represent their interests, basic notions of fairness and justice demand that the representation they receive be adequate.

7 C. Wright and A. Miller, *Federal Practice and Procedure* § 1765, at 617 (1972); *see Hansberry v. Lee*, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940). In the instant case, the Court is not convinced that, if the class were certified, the representation would be adequate. Accordingly, the Court will not expose the members of the proposed class to the possibility of a binding judgment against them.[1]

The case will proceed on an individual basis. The Court does not reach any of the other issues raised in the motion and defendant's opposition thereto, it being unnecessary to decide those questions.

In accordance with the foregoing, it is, by the Court, this 16th day of September, 1976,

ORDERED, that plaintiff's motion for class certification be, and the same hereby is, denied.

---

[1]. The Court is also concerned with the related issue of whether plaintiff could adequately represent the varying interests of the broad proposed class if those interests came into conflict with his own. It is one thing to ask an attorney to view his named plaintiff's interests in the context of the interests of the members of

the class, who are also his clients; it is a far different and more difficult task for a plaintiff to so view his *own* interests when the interests of the members of a class are also involved. *Cf. Kramer v. Scientific Control Corp.*, 534 F.2d 1085 (3rd Cir. 1976).