Donald L. BACHMAN et al., Plaintiffs,

v.

Michael PERTSCHUK, Defendant.

Civ. A. No. 76–0079.

United States District Court,
District of Columbia.

Sept. 26, 1977.

Allee A. Ramadhan, Arthur P. Wheatley, Patricia J. Barry, Washington, D. C., for plaintiffs.

Earl J. Silbert, U. S. Atty., Robert N. Ford, Robert M. Werdig, Jr., Asst. U. S. Attys., Washington, D. C., for defendant.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

The issue in this case is whether an attorney for a plaintiff class, who is employed by the defendant federal agency and who is himself a member of the class, has a sufficient conflict of interest such that he should be disqualified from representing the class. This Court finds that these conflicts of interest in this particular case may jeopardize the interests of the class. Therefore, the class action certification will be altered, pursuant to Fed.R.Civ.P. 23(c)(1), to permit this litigation to proceed as a class action only upon removal of this attorney as an attorney for the class.

■ Plaintiff brought this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, as amended by the Equal Employment Opportunity Act of

1972, alleging that the Federal Trade Commission (FTC) discriminated against him on account of race in failing to promote him. This Court conditionally certified the case as a class action.[1] The class consists of all blacks presently employed by, denied employment by, or discharged from the FTC. Mr. Bachman is the only named plaintiff representing the class. Mr. Ramadhan, Ms. Barry, and Mr. Wheatley are the attorneys for the class. Mr. Ramadhan is presently employed by the FTC and is a member of the class.[2]

It is well established that, before a class action is certified, the Court must determine that the "representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). One essential concomitant of adequate representation is that the parties' attorney be qualified, experienced, and generally able to conduct the proposed litigation. *Eisen v. Carlisle & Jacquelin,* 391 F.2d 555, 562 (2d Cir. 1968). This Court is firmly committed to the proposition that an attorney with a conflict of interest prevents the adequate representation of the class. *See Turoff v. May Co.,* 531 F.2d 1357 (6th Cir. 1976); *Graybeal v. American Savings & Loan Association,* 59 F.R.D. 7 (D.D.C.1973).

Mr. Ramadhan, in this Court's opinion, should not be allowed to conduct this litigation because of two conflicts of interest. In addition to being the plaintiff's attorney, he is also an employee of the defendant and a member of the plaintiff class.

Whenever a person represents another against his present employer, the possibility exists that he may violate the duty of loyalty that he owes to each. For example, he might use information he obtained as an employee for the benefit of his client, thereby violating the duty of confidence that he owes to his employer.[3]

In this case, it is uncertain whether any such information has in fact been used by Mr. Ramadhan. However, it is significant to note that the FTC has accused plaintiff's counsel of violating Commission Rule 5.15[4] in papers filed before this Court. It claims that counsel attached to certain exhibits a memorandum

. . . not provided to plaintiff in the course of discovery. Since two of plaintiff's counsel [Mr. Ramadhan and another attorney who has since withdrawn from the case] are employed by the Commission, it appears they have taken it upon themselves to make public Commission records.

Opposition of Defendant to Plaintiff's Motion to Strike Objections and Compel Production of Documents and Answers to Interrogatories (Third Set) at 4 (July 20, 1977). In addition, the FTC has alleged other instances in which it claims plaintiff's counsel have used knowledge in this litigation which was obtained through employment with the FTC.

Again, unless plaintiff's counsel has taken unfair advantage of their positions as Commission attorneys to surreptitiously gain access to defendant's communications, it is unclear where they would obtain such information.

---

1. In certifying this class action, this Court noted:
   > The Court re-emphasizes the conditional nature of this certification and notes that the class will be subject to re-definition, re-formulation, or even dissolution if discovery or other subsequent developments so warrant.
   
   *Bachman v. Collier,* 73 F.R.D. 300, 306 (D.D.C. 1976).

2. Because Mr. Ramadhan is still an employee of the FTC, he cannot accept any compensation for his legal services in this case. 18 U.S.C. § 205.

3. Other possible problems may include receiving a promise of promotion for providing an inadequate representation, not vigorously pursuing a defendant because he is a friend, pursuing the innocent to protect a guilty friend, etc.

4. *Misuse of information.* For the purpose of furthering a private interest, an employee shall not, except as provided in section 5.12 (c) [a section relating to teaching, lecturing and writing], directly or indirectly use, or allow the use of, official information obtained through or in connection with his Government employment which has not been made available to the general public.

16 C.F.R. § 5.15 (1977)

*Id.* at 5 n. 8. This Court does not intend to pass upon the validity of these accusations; the fact that such accusations were made is enough to suggest that a conflict of interest exists and that it may interfere with the adequacy of Mr. Ramadhan's representation of the class.

█ The strong public policy against this conflict of interest is evidenced by 18 U.S.C. § 205, which forbids a federal employee from representing anyone before an agency or court. The section, however, also contains the following exclusion:

Nothing herein prevents an officer or employee, if not inconsistent with the faithful performance of his duties, from acting without compensation as agent or attorney for any person *who is the subject of disciplinary, loyalty or other personnel administration proceedings in connection with those proceedings.*

(emphasis added). Mr. Ramadhan, relying upon a Memorandum of the Attorney General,[5] contends that this clause permits federal employees to represent other federal employees or applicants in Equal Employment Opportunity complaints, whether before an administrative agency or a court. With all due respect to the previous Attorney General, the Court does not agree.

The language of the exclusion is clear on its face. It only excludes representation before "administration proceedings"—not courts. This Circuit subscribes to the view that the clear wording of 18 U.S.C. § 205 must be followed. *United States v. Bailey,* 162 U.S.App.D.C. 135, 138, 498 F.2d 677, 680 (1974). Accordingly, the exclusion is only applicable in "administration proceedings" and cannot protect Mr. Ramadhan before this Court.[6]

█ In this Court's opinion, the reason Congress limited this exclusion to administrative proceedings is that the exclusion only applies to proceedings in which the person represented is the "subject" of the proceeding—whether it be for disciplinary, loyalty or other personnel reasons. In other words, this exclusion was designed to allow government employees to represent others in defense of actions brought by the agency for disciplinary, loyalty, or other personnel reasons. Consequently, the exclusion need only apply to administrative proceedings where these types of matters are generally handled.

█ Based on this Court's reading of section 205, Mr. Ramadhan can no longer continue to represent the class as an attorney and be employed by the defendant. Whether he has in fact violated the section is not at issue. An attorney with a conflict of interest gives the "appearance of professional impropriety" and that attorney cannot be permitted to continue to serve as attorney for the class. *See Kramer v. Scientific Control Corp.,* 534 F.2d 1085 (3d Cir.), *cert. denied,* 429 U.S. 830, 97 S.Ct. 90, 50 L.Ed.2d 94 (1976).

One of Mr. Ramadhan's arguments for the nonapplicability of section 205 is that, as a member of the class, he has a right to appear *pro se* and prosecute his claim. The fact that other federal employees' claims are intertwined, he argues, should not be fatal to his right to appear as counsel for the entire class. The Court finds this approach unpersuasive. A *pro se* plaintiff with a conflict of interest can impair only his own rights, while in a class action, the rights of absent class members are then placed in jeopardy. In fact, Mr. Ramadhan's argument raises further problems.

█ Disciplinary Rule 5–103 of the Code of Professional Responsibility of the American Bar Association states that "a lawyer shall not acquire a proprietary interest in the cause of action or subject matter of

---

**5.** Representation by Federal Employees of EEO Complaints, from Attorney General Edward H. Levi, Nov. 20, 1975.

**6.** The issue of the applicability of the exclusion to a court has arisen in only one prior reported case, *Anderson v. Health, Education and Welfare,* 262 F.Supp. 46 (D.Md.1967). However, the court there chose not to resolve the issue because the government did not object. This Court will not place its *imprimatur* upon an unacceptable practice by approving a class certification which involves such conduct—whether or not the government objects.

litigation he is conducting for a client" except in certain situations not here applicable. The basic rationale behind this rule is that the integrity of the judicial process and the attorney's duties to the court should not be interfered with by an over-zealous advocate with a personal interest in the outcome of the litigation. Under this rationale, a member of the class, desirous of personal gain, should not also act as attorney for that class.

■ Disciplinary Rule 5–101(B) provides, in part, that

[a] lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness . . .

*See Kramer v. Scientific Control Corp., supra* at 1090 n. 9; *Clark v. Cameron-Brown Co.,* 72 F.R.D. 48, 56 (M.D.N.C.1976). As a member of the class with information relevant to this lawsuit, Mr. Ramadhan may be needed to testify. It might well be a violation of ethics for him to do so; not doing so may hinder the class's efforts to protect its interest. Accordingly, it would be inappropriate to allow Mr. Ramadhan to continue as attorney for the class.

■ Another possible problem when an attorney for a class is also a member of the class derives from the basic notion of a class action: The attorney must view the interests of the named plaintiff *in the context of the interests of the entire class.* This is difficult when there are varying interests of the class, but it is especially difficult when one's own interest is involved. In *Martin v. Middendorf,* 420 F.Supp. 779 (D.D.C.1976), this Court found that a *pro se* plaintiff could not act as attorney and representative of a class of all past, present, and future black engineers, applicants for engineering positions, and other professionals. Although the primary reason for this Court's decision was that the plaintiff was a layman and therefore could not adequately represent the interests of the class, another reason was offered:

It is one thing to ask an attorney to view his named plaintiff's interests in the context of the interests of the members of the class, who are also his clients; it is a far different and more difficult task for a plaintiff to so view his own interests when the interests of the members of a class are involved.

420 F.Supp. at 781 n. 1.

■ *Martin* is different from the case at bar in that Mr. Ramadhan is not the named plaintiff. However, the rationale is still applicable. Mr. Ramadhan is a present employee seeking relief as a member of a class consisting of persons who are presently employed, were denied employment, or were discharged. Whenever an attorney's personal interest as a class member is limited to the interest of those persons presently employed, the possibility exists that he may favor a settlement which gives preference to the interests of such persons over those denied employment by or discharged from the FTC. Furthermore, he may devote a disproportionate amount of time preparing for trial on the issues relevant to the subgroup to which he belongs. Thus, the varying interests of the class represented coupled with the difficulty of viewing one's own limited interest in the context of the interests of the entire class require that Mr. Ramadhan be disqualified as attorney for the class because he may not adequately be able to "protect the interests of the [entire] class." Fed.R.Civ.P. 23(a)(4).

■ Again, the Court wishes to emphasize that it is unimportant whether these conflicts actually will induce any abuses of the class action device and injure the interests of the class members. In *Kramer v. Scientific Control Corp., supra,* the Court disqualified an attorney as a plaintiff even though he had disclaimed attorney's fees (which was the conflict of interest in the case). The Court relied upon Canon 9 of the Code of Professional Responsibility which declares:

A lawyer should avoid even the appearance of professional impropriety.

*See Flamm v. Eberstadt,* 72 F.R.D. 187, 190 (N.D. Ill. 1976) (". . . it is the spectre of conflict of interest which moves the

court to deny class certification here and not the actuality of such a conflict . . ."). In the case at bar, Mr. Ramadhan's conflict of interest gives rise to an "appearance of professional impropriety" and, therefore, he must be disqualified from continuing as attorney for the class.

This Court holds that an attorney for a plaintiff class, who is employed by the defendant federal agency and who is himself a member of the class, has a conflict of interest such that his continued representation of the class as its attorney will not adequately protect the interests of absent class members. Accordingly, the Court will modify the class certification to allow this litigation to proceed as a class action without the assistance of Mr. Ramadhan as attorney for the class. The Court will also require that, because of the severity of his conflicts of interest, Mr. Ramadhan cannot act as a "behind the scenes" attorney. *See Shields v. First National Bank of Arizona,* 56 F.R.D. 442, 444 n. 1 (D.Ariz.1972).

An Order in accordance with the foregoing will be issued of even date herewith.