Juana LYON, Richard Thompson, Harold Sainz, Joann Miller and Erlene Crosslin, on behalf of themselves and similarly situated persons, Plaintiffs,

v.

The STATE OF ARIZONA, Defendant.

Carol ALBRECHT et al., Plaintiffs,

v.

STATE OF ARIZONA, Defendant.

Nos. CIV. 75–357 PHX WEC, CIV 77–668 PHX WEC.

United States District Court, D. Arizona.

Oct. 4, 1978.

Ronald J. Logan, Phoenix, Ariz., for plaintiff.

Stephen K. Smith, Asst. Atty. Gen., Phoenix, Ariz., for defendant.

## OPINION AND ORDER

CRAIG, Chief Judge.

These cases are before the Court on defendant's Motions to Dismiss Class Allegations in *Lyon* and *Albrecht* and on defendant's Motion to Dismiss entirely the complaint in *Lyon* for want of prosecution. Defendant's Motion to Dismiss *Lyon* for want of prosecution is denied without prejudice. Defendant's Motions to Dismiss the Class Allegations are granted.

The class allegations in each of these cases and in the earlier case of *Arellano v. State of Arizona*, CIV 75–160 PHX WEC, are essentially the same. In both *Arellano* and *Albrecht* the plaintiffs seek to represent a class consisting of all of defendant's applicants and present and former employees who are female, black, American Indian, Mexican-American or Spanish surnamed Americans. In *Lyon* the plaintiffs seek to represent the same class with the exception that applicants and former employees are omitted. In each case the plain-

tiffs are represented by Ronald J. Logan of the firm of Logan and Aguirre, and in each case the defendant is the State of Arizona. In *Arellano* the lead named plaintiff, Esther Arellano, is Mr. Logan's wife. In *Albrecht*, one of the named plaintiffs, Manuel Arellano, who voluntarily withdrew from this suit after the filing of this Motion to Dismiss, is Mr. Logan's father-in-law. On March 21, 1977, plaintiffs' counsel, after discussions with the defendant, made a settlement proposal covering each of these cases as well as four other cases against this defendant in which Mr. Logan was counsel. The settlement proposal provided for $265,085.00 in attorneys' fees, back pay for the named plaintiffs, but nothing except prospective relief for the unnamed class members. The settlement proposal was made without plaintiffs' counsel ever having requested or received certification of the tentative classes.

Upon considering these facts this Court, on December 14, 1977, dismissed the class allegations in *Arellano*, finding that the conflicts of interest and other improprieties made it impossible for plaintiffs and their counsel to meet the requirements of Rule 23(a)(4), Federal Rules of Civil Procedure, i. e., that they adequately and fairly represent the absent class. Subsequent to the judgment in *Arellano* and the filing of defendant's Motions to Dismiss the Class Allegations in the present cases, Esther Arellano obtained new counsel and by stipulation, Manuel Arellano's claim was voluntarily dismissed.

### A. *Plaintiff's failure to seek class certification.*

Rule 23(c)(1) of the Federal Rules of Civil Procedure requires that class certification be sought as soon as practicable after the commencement of the action. Plaintiffs' complaint in *Lyon* was filed on June 5, 1975, more than three years ago. Plaintiffs' complaint in *Albrecht* was filed on August 23, 1977, more than one year ago. As of this date, plaintiffs have taken no action to have their class certified.

It is now established law that failure to timely seek certification of the tentative class is one indicia that plaintiffs are not adequately and fairly representing the interests of the absent class. *East Texas Motor Freight System, Inc. v. Rodriguez,* 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977); *Buckner v. Cameron Iron Works, Inc.,* 25 F.R.Serv.2d 649 (S.D.Tex.1978); *Burns v. State of Georgia,* 25 F.R.Serv.2d 998 (N.D.Ga.1977). Plaintiffs rely upon the fact that we do not have a local rule supplementing the requirements of Rule 23(c)(1) by requiring certification to be sought within any certain number of days. The fact that there is no local rule, however, does not justify the failure to comply with rule 23(c)(1). A number of courts have dismissed or refused to certify class claims in the face of similar delays. *Walton v. Eaton Corporation,* 563 F.2d 66 (3rd Cir. 1977); *Buckner v. Cameron Iron Works, Inc., supra; Burns v. State of Georgia, supra; Smith v. Moore,* 25 F.R.Serv.2d 118 (N.D. Ga.1977); *Carr v. New York Stock Exchange,* 414 F.Supp. 1292, 1304 (N.D.Cal. 1976); *Strozier v. General Motors Corporation,* 21 F.R.Serv.2d 1096 (N.D.Ga.1975); *Lau v. Standard Oil Company of California,* 70 F.R.D. 526 (N.D.Cal.1975); *Walker v. Columbia University,* 62 F.R.D. 63 (S.D.N.Y.1974); *Sheridan v. Liquor Salesmen's Union, Local 2,* 60 F.R.D. 48 (S.D.N.Y.1973); *Adise v. Mather,* 16 F.R.Serv.2d 667 (D.Colo.1972); and *Taub v. Glickman,* 14 F.R.Serv.2d 846 (S.D.N.Y.1970). Defendant's Motions to Dismiss Class Allegations are therefore granted upon the basis that plaintiffs' undue delay in seeking certification of their putative class demonstrates that they are not fairly and adequately protecting the interest of the class as required by Rule 23(a)(4), F.R.C.P.

### B. *Conflicts of Interest.*

The named plaintiffs in a class action suit and their counsel who seek to represent an absent class must maintain a trust relationship with that absent class. *Alpine Pharmacy, Inc. v. Chas. Pfizer and Co.,* 481 F.2d 1045 (2nd Cir. 1973). As demonstrated by the cases cited herein, a viola-

tion of this trust relationship is a basis for dismissal of the class claims. While exactly what this trust relationship entails is a developing area of the law, certain basic outlines are already established. The conflicts which other courts have already identified as violating the trust relationship include the following: When counsel is himself a member of the class. *Graybeal v. American Savings and Loan Association*, 59 F.R.D. 7 (D.D.C.1973); *Eovaldi v. First National Bank of Chicago*, 57 F.R.D. 545 (N.D.Ill. 1972); *Shields v. Valley National Bank of Arizona*, 56 F.R.D. 448 (D.Ariz.1971); *Shields v. First National Bank of Arizona*, 56 F.R.D. 442 (D.Ariz.1972). When counsel's wife is a member of the class. *Turoff v. The May Company*, 531 F.2d 1357 (6th Cir. 1976); *Bogus v. American Speech and Hearing Association*, 20 F.R.Serv.2d 859 (E.D.Pa.1975); and *Dennis v. Sacks and Co.*, 20 F.R.Serv.2d 994, 998 (S.D.N.Y.1975). When the named plaintiff is a professional associate of counsel for the class. *Susman v. Lincoln American Corporation*, 561 F.2d 86 (7th Cir. 1977); *Kramer v. Scientific Control Corporation*, 534 F.2d 1085 (3rd Cir. 1976); *Seiden v. Nicholson*, 69 F.R.D. 681, 687 (N.D.Ill.1976). When the named plaintiff shares office space with counsel for the class. *Susman v. Lincoln American Corporation, supra; Kramer v. Scientific Control Corporation, supra.* When the plaintiff is the brother of counsel for the class, mother of an associate of counsel for the class, or the brother of counsel for the class. *Susman v. Lincoln American Corporation, supra.* Where counsel for the plaintiff is an unnamed member of the class. *Bachman v. Pertschuck*, 437 F.Supp. 973 (D.D.C.1977). Where counsel for the plaintiff is an employee of the defendant. *Bachman v. Pertschuck, supra.* And when counsel for the plaintiff has a personal suit against the same defendant. *Lau v. Standard Oil of California*, 70 F.R.D. 526 (N.D.Cal.1975).

■ The rationale underlying these decisions is that under Rule 23(a)(4) counsel must be able to objectively view the litigation in the context of the entire class. When counsel himself has a special interest in one aspect of the litigation or where counsel has a close relationship with one who has such a special interest, that objectivity no longer exists. *Bachman v. Pertschuck, supra*, 437 F.Supp. at 977; *Shields v. Valley National Bank of Arizona, supra*, 56 F.R.D. at 449–50. In addition:

> Since possible recovery of the class representative is far exceeded by potential attorneys' fees, courts feel that a class representative who is closely associated with the class attorney would allow settlement on terms less favorable to the interests of absent class members. Courts also have expressed fear as to the danger of champerty because of the close relationship between the putative class representative and counsel. *Susman v. Lincoln American Corporation, supra*, 561 F.2d at 91 (citations omitted).

■ The Court finds that conflicts of interest are present in *Lyon* and *Albrecht* which require that the class allegations in these two cases be dismissed. Conflicts of interest exist in the following areas:

1. Esther Arellano, a named plaintiff in *Arellano, supra*, and an unnamed member of the class in *Lyon* and *Albrecht*, is the wife of Ronald J. Logan, counsel for the plaintiffs, and is also a current employee of the defendant. As pointed out in *Bachman v. Pertschuck, supra*, there is a danger when counsel for the plaintiff is an employee of the defendant that he may violate the duty of loyalty which he owes to each. The same conflicts and policy concerns apply when it is counsel's wife who is the defendant's employee as when counsel himself is an employee of the defendant. Here as in *Bachman*, allegations have been made that counsel's wife has misused her employment position to provide her husband with confidential documents which were not obtained pursuant to legitimate discovery. As the court said in *Bachman*, "the fact that such accusations were made is enough to suggest that a conflict of interest exists." 437 F.Supp. at 976.

2. Esther Arellano is a member of the class which her husband seeks to represent in *Lyon* and *Albrecht*. The danger inherent

in this conflict of interest is evident in the settlement proposal made by plaintiff's counsel which emphasized prospective relief and excluded relief for those who were never hired or were fired. Counsel's wife, as a current employee, would benefit from the proposed prospective relief, while those who were not current employees would receive no benefit from the settlement.

3. Esther Arellano, wife of counsel for the plaintiffs, has her own personal suit against this defendant. Again, the dangers inherent in this conflict of interest are evident in counsel's settlement proposal, under which the named plaintiffs (including counsel's wife) would have received significantly more relief than the unnamed and absent class members.

■ Plaintiffs take the position that the class allegations should not be dismissed unless this Court finds actual improprieties or violations of the trust relationship. While the facts present in these cases might justify such a finding, such findings are not required and the appearance of impropriety is sufficient to justify the dismissal of the class allegations. Plaintiffs' argument has already been considered and rejected by other courts. *Susman v. Lincoln American Corporation, supra,* 561 F.2d at 95; *Bachman v. Pertschuck, supra,* 437 F.Supp. at 977.

The Court is forced to observe that plaintiffs' counsel never made any attempts to reveal these conflicts of interest to the Court. In particular, plaintiffs' counsel did not advise this Court that Esther Arellano was counsel's wife nor that Manuel Arellano was counsel's father-in-law. Even after defendant brought the conflicts of interest to the Court's attention, plaintiffs' counsel continued to deny any conflict and took no remedial steps. It was not until the defendant moved to dismiss the class allegations in the cases now before this Court that plaintiffs' counsel finally took some remedial steps. As set forth above, however, conflicts still exist, and in light of counsel's continued resistance to the fundamental principles governing the trust relationship present in class actions, these con-

flicts require the dismissal of plaintiffs' class allegations on the basis that plaintiffs and their counsel are not representative parties which can fulfill the requirements of Rule 23(a)(4).

C. *Plaintiffs' settlement proposal.*

There are several improprieties present in plaintiffs' settlement proposal which demonstrate that plaintiffs have not fairly and adequately protected the interests of the absent class.

■ Plaintiffs' counsel sought to negotiate a settlement of these cases without ever having sought or received class certification. This is in direct conflict with the guidelines regarding settlement of class actions as set forth in Section 1.46 of the Manual for Complex Litigation and creates an appearance of impropriety as counsel is not authorized to represent the uncertified and unnamed class members.

As a part of the settlement proposal, plaintiffs' counsel sought to negotiate his own fees at the same time that he was negotiating for settlement of the claims of the uncertified and unnamed class members. This constitutes a direct conflict of interest and is impermissible. *Prandini v. National Tea Company,* 557 F.2d 1015 (3rd Cir. 1977).

■ The fact that plaintiffs' counsel sought to settle these class actions for excessive attorneys' fees and back pay for the named plaintiffs (including counsel's wife and father-in-law) while waiving back pay and requesting nothing but prospective relief for the uncertified and unnamed class, gives rise, in the context of the conflicts of interest present in these cases, to the appearance of improper utilization of the uncertified and unnamed class for the benefit of counsel and his relatives. These improprieties require the dismissal of plaintiffs' class allegations on the basis that the named plaintiffs and their counsel are not representative parties which will fairly and adequately represent the absent class as required by Rule 23(a)(4).

The foregoing Opinion constitutes Findings of Fact and Conclusions of Law as provided by Rule 52, Federal Rules of Civil Procedure.

IT IS ORDERED, ADJUDGED AND DECREED that the class allegations of plaintiffs' complaints be and hereby are dismissed.