Leo MUNOZ and Cynthia White Yoshitomi, on behalf of themselves and all persons similarly situated, Plaintiffs,

v.

ARIZONA STATE UNIVERSITY, Defendant.

No. Civ. 75–276 Phx. WPC.

United States District Court, D. Arizona.

Oct. 6, 1978.

Ronald J. Logan of Marks & Marks, Phoenix, Ariz., for plaintiffs.

John A. LaSota, Ariz. Atty. Gen. by Stephen K. Smith, Asst. Atty. Gen., Phoenix, Ariz., for defendant.

### MEMORANDUM AND ORDER

COPPLE, District Judge.

Plaintiffs Munoz and Yoshitomi have claimed that Arizona State University has

unlawfully discriminated against females and members of minority groups, including themselves, in employment practices such as hiring, promotion, compensation and the like. The two plaintiffs filed their complaint on April 28, 1975 on behalf of themselves and a class of plaintiffs defined as all employees of and applicants for employment with the defendant who have been, are and will be denied equal employment opportunities on the basis of their sex, race or national origin by defendant Arizona State University. The defendant moves now to strike the plaintiffs' class allegations because of the delay in seeking class certification and because the named plaintiffs do not adequately represent the unnamed plaintiffs as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure. The first reason appears to be one aspect of the second reason, and will be analyzed as such here.

In determining whether the named plaintiffs will fairly and adequately protect the interests of the class, this Court must exercise special care on behalf of unnamed plaintiffs who will be bound by any judgment subsequently entered because of principles of res judicata should the class be certified. *See Smith v. Josten's American Yearbook Co.*, 25 F.R.Serv.2d 823, 833 (D.Kan.1978); *Burns v. Georgia*, 25 F.R. Serv.2d 998, 999–1000 (N.D.Ga.1977). Part of the inquiry into whether named plaintiffs are adequate representatives, moreover, necessarily includes examining the adequacy of plaintiffs' counsel. *See, e. g., Fendler v. Westgate-California Corp.*, 527 F.2d 1168, 1170 (9th Cir. 1975); *Gonzales v. Cassidy*, 474 F.2d 67, 72–73 (5th Cir. 1973); J. Moore & J. Kennedy, Moore's Federal Practice ¶ 23.07[1] (2d ed.1978).

Rule 23(c) states that a determination of whether an action is to be maintained as a class action is to be made as soon as practicable after commencement of the action. Fed.R.Civ.P. 23(c)(1). Plaintiffs, through their counsel who are responsible for making the motion, have not explained why class certification has not been sought since the complaint was filed in April, 1975. Statements by plaintiffs' attorneys that the parameters of the class are being determined, that a motion for class certification will be made within the next few months and that a motion would be made at a time the Court desired are unresponsive in light of the extensive time that has elapsed. Several courts have found delays like the one here sufficient to deny class certification, even without a local rule specifying precisely when a motion for class certification was to be made. *See, e. g., Buckner v. Cameron Iron Works, Inc.*, 25 F.R.Serv.2d 649, 650–51 (S.D.Tex.1978); *Burns v. Georgia, supra*, at 1001; *Carr v. New York Stock Exchange*, 414 F.Supp. 1292, 1304 (N.D.Cal.1976); *Lau v. Standard Oil Co. of California*, 70 F.R.D. 526, 528 (N.D.Cal.1975). As one court aptly observed, "the failure of the named plaintiffs to protect the interest of class membership by moving for class certification in a timely manner is a strong indication of the adequacy of representation those class members may expect to receive in this case." *Buckner v. Cameron Iron Works, Inc., supra*, at 650–51.

Another ground for finding inadequate representation is a conflict of interest of attorneys representing the proposed class. *See* J. Moore and J. Kennedy, *supra*, ¶ 23.07[1.–11]. It is uncontested that counsel for the plaintiffs negotiated for attorneys fees as part of a negotiation for an overall settlement. Rule 1.46 of the Manual for Complex Litigation expressly provides:

When counsel for the class negotiates simultaneously for the settlement fund and for individual counsel fees there is an inherent conflict of interest.

Rule 1.46, Manual for Complex Litigation 62 (1977). Plaintiffs cite secondary authority that indicates that another part of Rule 1.46 condemning class settlements with a not-yet-certified class does not apply to Title VII cases. Such authority is no basis for contending, as do the plaintiffs, that none of Rule 1.46 is applicable to preliminary negotiations in the prosecution of Title VII class actions. Attorneys fees are subsidiary

to the issue of settlement and should be considered subsequent to reaching a tentative settlement by the parties. *See generally, Prandini v. National Tea Co.,* 557 F.2d 1015 (3rd Cir. 1977). The practice of plaintiffs' counsel here appears to have created a clear conflict of interest.

The fact of excessive delay in seeking class certification combined with other evidence also suggests that the class action procedure has been used primarily to benefit named plaintiffs and plaintiffs' attorneys at the expense of unnamed plaintiffs. The other evidence includes the proposed settlement which this Court can consider, contrary to the plaintiffs' position, in deciding whether the class action device is being abused. *See Smith v. Josten's American Yearbook Co., supra,* at 840. The proposed settlement awarded damages of back pay to named plaintiffs and attorneys fees but gave only injunctive relief for unnamed class members.

A practice previously condemned by courts involved making class allegations and then obtaining a high settlement after agreeing to amend the complaint by eliminating the class allegations. *See Yaffe v. Detroit Steel Corp.,* 50 F.R.D. 481, 483 (N.D. Ill.1970); Note, Developments in the Law of Class Actions, 89 *Harv.L.Rev.* 1318, 1540 (1976). In other words, defendants agreed to an unjustifiably high settlement offer to avoid the expenses and risks involved in defending against a class action. A potentially superior variation on this practice is where plaintiffs agree not to amend their complaint, but agree rather to settle without seeking damages for unnamed plaintiffs who will be bound by principles of res judicata if the court certifies the class action and approves the settlement. The evidence here strongly suggests such an abuse of the class action procedure which this Court cannot condone.

The similarity of prior class actions brought by other plaintiffs who have been represented by the same counsel as here further establishes a pattern of possible abuse of the class action device by seeking favorable settlements for named plaintiffs

and attorneys fees at the expense of unnamed plaintiffs. *See Lyon v. Arizona,* No. Civ. 75–357 (D.Ariz.); *Albrecht v. Arizona,* 80 F.R.D. 665 (D.Ariz.); *Arellano v. Arizona,* No. Civ. 75–160 (D.Ariz. Dec. 14, 1977) (dismissal of class allegations because of conflict of interest). The similarity of pleadings, proposed settlements and other conduct by plaintiffs' counsel in the previously cited cases compared with the instant case, moreover, indicates "production-line" procedures which reflect adversely on the ability of counsel for the plaintiffs to protect adequately the rights of absent class members. *See Smith v. Josten's American Yearbook Co., supra,* at 835–39. For these several reasons it is clear that plaintiffs cannot adequately and fairly protect the interests of absent members of the proposed class because of their counsel. Therefore,

IT IS ORDERED:

Defendant's motion to dismiss class allegations is granted.