LISA F., Plaintiff,

v.

Donald L. SNIDER, et al., Defendants.

No. S 79–103.

United States District Court,
N.D. Indiana,
South Bend Division.

March 4, 1983.

John R. Bulger, Ivan Bodensteiner, Michigan City, Ind., for plaintiff.

Donald E. Transki, Michigan City, Ind., for defendants.

## MEMORANDUM AND ORDER

SHARP, Chief Judge.

This case is presently before the Court on plaintiff's Report and Motion for an Order Regarding Settlement Negotiations filed January 13, 1983. The defendants have not filed a response to said motion.

The entitlement of Legal Services Programs to attorney fees under 42 U.S.C. § 1988 is well established. The Seventh Circuit has consistently held that any reduction in the amount of attorney fees because the attorneys are employed by an organization "is inconsistent with the intent of Congress in enacting (42 U.S.C. § 1988)." *Mary and Crystal v. Ramsden,* 635 F.2d 590, 602 (7th Cir.1980). See also, *Brown v. Stanton,* 617 F.2d 1224, 1233 (7th Cir.1980), vacated and remanded on other grounds, 453 U.S. 917, 101 S.Ct. 3151, 69 L.Ed.2d 999 (1981); *Hairston v. R. & R. Apartments,* 510 F.2d 1090, 1092–93 (7th Cir.1975). In *Dennis v. Chang,* 611 F.2d 1302, 1306 (9th Cir. 1980), the court stated:

> (a)n award (where plaintiff has been represented without charge by a legal services organization) serves the purposes of (§ 1988) for two reasons: (1) the award encourages the legal services organization to expand its limited resources and litigation aimed at enforcing the civil rights statutes; and (2) the award encourages potential defendants to comply with civil rights statutes.

See also, *Rodriguez v. Taylor,* 569 F.2d 1231, 1248 (3rd Cir.1977).

The entitlement of Legal Services Programs to fees under § 1988 is demonstrated most dramatically in *Shadis v. Beal,* 685 F.2d 824 (3rd Cir.1982), in which the court voided as contrary to public policy provisions in contracts between the Pennsylvania Department of Public Welfare and two Legal Services Programs which prohibit the organizations from requesting or accepting attorney fees in suits against the state. These provisions were part of contracts pursuant to which the Legal Services Programs received funds from the Pennsylvania Department of Public Welfare. In striking down the contractual provisions, the court stated:

> By enacting (§ 1988), Congress reinvested the judiciary, with the discretion to grant attorneys' fees in Civil Rights cases. In this case, we conclude that the Commonwealth has attempted to vitiate, by contract, a significant portion of the power and duty which Congress has granted to the judiciary as an essential tool in the scheme of civil rights enforcement. It is axiomatic to our federal system that neither private parties nor the States can avoid the equitable powers of the federal courts. (citation omitted) Here, the existence of a contrary private agreement cannot successfully be asserted as a defense to the district court's statutorily mandated supervisory power over attorneys' fees.

Id. at 831. Similarly, private parties to litigation should not be allowed to demand

the waiver of attorney fees as a condition to meaningful settlement negotiations on the merits. In addition to violating the public policy behind the enactment of § 1988, this practice substantially interferes with the policy which encourages good faith efforts to settle cases.

The defendants' insistence on negotiating the merits and attorney fees simultaneously, and demanding the waiver of fees as a condition of resolving the merits, also raises ethical concerns. This potential conflict between clients and attorneys has been recognized by several decisions including *Prandini v. National Tea Company*, 557 F.2d 1015 (3rd Cir.1977), in which the court stated:

> A reasonable solution, ... is for trial courts to insist upon settlement of the damage aspect of the case separately from the award of statutorily authorized attorneys' fees. Only after court approval of the damage settlement should discussion and negotiation of appropriate compensation for attorneys begin.

Id. at 1021. This was followed by the Ninth Circuit in *Mendoza v. United States*, 623 F.2d 1338, 1352–53 (9th Cir.1980), where the court stated:

> Nor do we believe that this potential conflict disappears simply because there is no fund or money damages being negotiated. Financial consequences of injunctive relief are a significant consideration to the institution negotiating a remedy, and the potential conflict between class counsel and the members of the class remains. (W)e strongly discourage the simultaneous negotiation of attorneys' fees and substantiative issues in class action settlement negotiations.

See also, *Obin v. District No. 9 of International Ass'n of Machinists and Aerospace Workers*, 651 F.2d 574, 582 n. 10 (8th Cir. 1981) ("it is unrealistic to expect the parties 'to waive fees altogether,' and it is preferable to avoid any appearance of impropriety even if agreement on fees may be 'easily accomplished.' "); *Lyon v. State of Arizona*, 80 F.R.D. 665 (D.Ariz.1978); *Munoz v. Arizona State University*, 80 F.R.D. 670 (D.Ariz.1978). The potential for conflict is

also recognized in Rule 1.46, Manual for Complex Litigation, 62 (1977):

> When counsel for the class negotiates simultaneously for the settlement fund and for individual counsel fees there is an inherent conflict of interests.

 Therefore, in order to avoid frustration of the policy and purposes of § 1988 and prevent unnecessary trials on the merits of cases, it is imperative that the courts assist in resolving the dilemma caused by defendants' insistence on the waiver of attorney fees as a condition of settlement on the merits.

Accordingly, the parties are hereby ordered to negotiate the merits of this case separate from the question of the plaintiff's entitlement to attorney fees pursuant to 42 U.S.C. § 1988.

SO ORDERED.