Gene Herschel HUDDLESTON, Plaintiff,

v.

Jack DUCKWORTH, Ron Batchelor, Chuck Penfold, Ed Cohen, Robert Fuller, and Donny Forrester, Defendants.

No. S 83–2.

United States District Court,
N.D. Indiana,
South Bend Division.

March 29, 1983.

Gene Herschel Huddleston, pro se.

Linley E. Pearson, Atty. Gen. of Indiana, Indianapolis, Ind., for defendants.

## MEMORANDUM AND ORDER

SHARP, Chief Judge.

This case was filed pursuant to 42 U.S.C. § 1983 by an inmate at the Indiana State Prison against various Department of Correction officials, and is presently before the Court on defendants' Motion to Dismiss. Plaintiff alleges, *inter alia,* violations of other inmates' First, Fifth, Eighth, and Fourteenth Amendment rights; however, at no point in the pleadings does plaintiff allege any violations of his own constitutional rights.[1] Instead, plaintiff seeks to proceed in this action as the representative of a class, *viz.,* those inmates under protective custody on the Prison's Hospital Seclusion Unit who have allegedly been subjected to "threats, beatings and rape, all of which has [sic] been sanctioned by the Defendants named herein." On February 9, 1983, defendants (with the exception of Donny Forrester) filed a motion to dismiss,

arguing that plaintiff could not proceed as the representative of a class because (1) plaintiff was an inmate acting without benefit of counsel, and (2) plaintiff had alleged no personal stake in the outcome, i.e., plaintiff had not been subjected to any of the alleged deprivations purportedly suffered by the members of the "class."

On February 14, 1983, this Court notified plaintiff of his right to respond to defendants' motion to dismiss pursuant to *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir.1982). Immediately thereafter, on February 16, 1983, plaintiff filed his response to defendants' motion to dismiss.

Rule 23(a) of the Federal Rules of Civil Procedure states, in relevant part:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if ... (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In line with the above is the requirement that the litigant representing the class must be a member of the class he seeks to represent. *Sosna v. Iowa,* 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975); *Hendrix v. Faulkner,* 525 F.Supp. 435 (N.D.Ind.1981). This is designed to ensure that the representative of the class will provide adequate representation. *In re General Motors Corp. Engine Interchange Litigation,* 594 F.2d 1106 (7th Cir.), *cert. denied sub nom. General Motors Corp. v. Oswald,* 444 U.S. 870, 100 S.Ct. 146, 62 L.Ed.2d 95 (1979); *Jones v. Blinzinger,* 536 F.Supp. 1181 (N.D.Ind.1982). Thus, where the named plaintiff cannot demonstrate a legitimate claim, the representative lacks proper standing to bring any class allegations. *Davis v. Ball Memorial Hospital Association,* 640 F.2d 30 (7th Cir. 1980).

1. Plaintiff has alleged, in his Motion for Court Order filed February 16, 1983, interference on the part of the defendants with plaintiff's attempts to represent the members of the "class." However, even under the most liberal reading of *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the allegations contained therein do not constitute allegations similar to those which form the gravamen of plaintiff's complaint.

In the seminal case of *Oxendine v. Williams,* 509 F.2d 1405 (4th Cir.1975), the Court declared it to be plain error to permit an inmate proceeding *pro se* to represent fellow inmates in a class action. *Accord, see Gray v. Levine,* 455 F.Supp. 267 (D.Md. 1978), *aff'd,* 605 F.2d 1202 (4th Cir.1979); *Wallace v. Hutto,* 80 F.R.D. 739 (W.D.Va. 1978), *aff'd,* 601 F.2d 583 (4th Cir.1979); *Fore v. Godwin,* 407 F.Supp. 1145 (E.D.Va. 1976). *See also Martin v. Middendorf,* 420 F.Supp. 779 (D.D.C.1976) (engineer proceeding *pro se* failed to meet "adequate representation" standard of Rule 23(a)(4)); *see also, generally, Covington v. Allsbrook,* 636 F.2d 63 (4th Cir.1980), *cert. denied,* 451 U.S. 914, 101 S.Ct. 1990, 68 L.Ed.2d 305 (1981). This rule is an outgrowth not only of the belief that a layman, untutored in the law, cannot "adequately represent" the interests of the members of the "class," but also out of the long-standing general prohibition against even attorneys acting as both class representative and counsel for the class. *See, e.g., Kramer v. Scientific Control Corp.,* 534 F.2d 1085 (3d Cir.), *cert. denied,* 429 U.S. 830, 97 S.Ct. 90, 50 L.Ed.2d 94 (1976); *Turoff v. May Co.,* 531 F.2d 1357 (6th Cir.1976); *Houseler v. First National Bank of East Islip,* 524 F.Supp. 1063 (E.D. N.Y.1981); *Sweet v. Birmingham,* 65 F.R.D. 551 (S.D.N.Y.1975); *Graybeal v. American Savings & Loan Ass'n,* 59 F.R.D. 7 (D.D.C. 1973); *Shields v. Valley National Bank,* 56 F.R.D. 448 (D.Ariz.1971). *See also, Phillips v. Joint Legislative Committee on Performance and Expenditure Review of the State of Miss.,* 637 F.2d 1014 (5th Cir.1981), *cert. denied,* 456 U.S. 960, 102 S.Ct. 2035, 72 L.Ed.2d 483 (1982) (potential conflict of interest between attorney acting as class representative and said attorney's law firm acting as counsel in class action to be carefully scrutinized and guarded against); *Susman v. Lincoln American Corp.,* 561 F.2d 86 (7th Cir.1977), *appeal after remand,* 587 F.2d 866 (1978), *cert. denied,* 445 U.S. 942, 100 S.Ct. 1336, 63 L.Ed.2d 775 (1980)

(fact that class representative rents office space from law firm which is counsel for class is not a *per se* conflict of interest); *In re Mid-Atlantic Toyota Antitrust Litigation,* 93 F.R.D. 485 (D.Md.1982) (advancement of costs to litigants in class action by their attorneys was tantamount to unacceptable situation of attorney being member of class while serving as counsel to the class).

■ Viewed *in toto,* the holdings in the above cited cases are able to be boiled down to a single rule: one cannot be both class representative *and* counsel to the class, even where one possesses the skills and training of a lawyer. Where, as here, the class representative and "class counsel" are one and the same person, and that person lacks any formal training in the law whatsoever, the grave concerns underlying the bar to being both counsel and representative take on an added dimension.

This Court has taken great care to read the entire record compiled to date in this matter in the liberal light mandated by *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Nonetheless, the line of cases from *Haines v. Kerner* onward demonstrates not so much a desire on the part of the judiciary to avoid dismissing *pro se* prisoner actions for procedural errors, as a strong concern that prisoners' rights be protected. Hence, the standards for determining whether to appoint counsel in a prisoner civil rights case. *McKeever v. Israel,* 689 F.2d 1315 (7th Cir.1982); *Caruth v. Pinkney,* 683 F.2d 1044 (7th Cir.1982); *Maclin v. Freake,* 650 F.2d 885 (7th Cir.1981). *See also, Merritt v. Faulkner,* 697 F.2d 761 (7th Cir.1983).[2] In the present action, for this Court to permit a *pro se* inmate both to be a member of a putative "class" without ever having alleged to have suffered wrongs similar to those allegedly suffered by the members of the "class" and to represent that class, lacking legal training, would be to violate all that *Haines v. Ker-*

---

**2.** It should be noted at this point that at no point in the record does it appear that plaintiff has requested this Court to appoint counsel. Indeed, taken as a whole, plaintiff's pleadings

make clear his strong desire to act as lay advocate on behalf of the unnamed members of the "class."

*ner* and its progeny stand for. Accordingly, this complaint is hereby DISMISSED as against all defendants except Donny Forrester. SO ORDERED.