GANNON ET AL., APPELLANTS, *v.*
CITY OF CLEVELAND, APPELLEE.

(No. 47244—Decided April 30, 1984.)

*Mr. William L. Summers,* for appellants.

*Mr. John D. Maddox,* director of law, and *Mr. Robert M. Wolff,* for appellee.

PARRINO, P.J. Plaintiffs-appellants appeal an order of the court of common pleas in which the court overruled plaintiffs' motion to certify the class of all firefighters employed by the city of Cleveland on February 11, 1972.

The Mayor of the city of Cleveland issued an executive order in January of 1972 which decreased the pay of policemen and firefighters by ten percent by reducing their hours of employment. That executive order was seemingly in conflict with Section 198-1 (which was repealed in 1977) of the Charter of the city of Cleveland which provided that Cleveland firefighters be paid at a level at least three percent greater than firefighters in any other Ohio city of more than fifty thousand persons.

As a result of the executive order, Gannon, a former Cleveland firefighter, filed this action on June 13, 1974, seeking money damages only, for himself and all other firefighters similarly employed by the city of Cleveland on February 11, 1972.

In 1975 the trial court granted the city's motion for summary judgment. However, on appeal to this court, we reversed. *Gannon v. Cleveland* (Mar. 17, 1977), Cuyahoga App. No. 35713, unreported.

On June 2, 1983 appellants filed a motion to certify the class. The city countered with a brief in opposition to the motion to certify the class on June 10, 1983. The city argued primarily that Gannon's failure to move for class certification until nine years after the action was commenced was indicative of his inability to fairly and adequately represent the interests of the class. An affidavit attached to the city's brief asserted that service of the motion to certify was not made on the city. Furthermore, it was asserted that appellants' counsel would not provide the city with a copy of the motion when so requested.

The trial court overruled the motion to certify on June 28, 1983 without making any findings. The court also issued the following journal entry on the same date:

"By agreement of parties — Judgment in favor of plaintiff in the sum of 84.00 plus interest plus costs. Should plaintiff prevail in the class action appeal — this entry is to be vacated — and case tried de novo."

Appellants have filed a timely notice of appeal from the order overruling the motion to certify the class and assign the following error:

"The court of common pleas erred in overruling plaintiff[s]-appellants' motion to certify [the] class and for [an] order that class action may be maintained because the action warrants class treatment under the terms of Civil Rule 23."

This assignment of error lacks merit. Civ. R. 23 governs the requirements

of a class action suit.[1] It is incumbent upon the party bringing suit to establish that a cause of action merits treatment as a class action. *State, ex rel. Ogan,* v. *Teater* (1978), 54 Ohio St. 2d 235, 247 [8 O.O.3d 217]. Civ. R. 23(A) establishes the necessary prerequisites to the maintenance of a class action suit:

"Prerequisites to a class action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) *the representative parties will fairly and adequately protect the interests of the class.*" (Emphasis added.)

The Supreme Court has stated that an indication that a party will not "fairly and adequately protect the interests of the class" is the failure to timely move for certification. *East Texas Motor Freight System, Inc.* v. *Rodriguez* (1977), 431 U.S. 395, 404-405. In the case *sub judice* nine years passed after the commencement of this action before a motion to certify the class was filed by appellants. Failure to file for class certification after more than a year from the commencement of the action has been sufficient to justify a refusal to certify class claims. *Lyon* v. *Arizona* (D.C. Ariz. 1978), 80 F.R.D. 665. Cf. *Alexander* v. *Aero Lodge No. 735, Internatl. Assn. of Machinists & Aerospace Workers* (C.A. 6, 1977), 565 F.2d 1364, 1371-1372, certiorari denied (1978), 436 U.S. 946.

There are other examples of Gannon's dilatory tactics in this action which lend credence to the view that he was not adequately representing the other members of the proposed class. A journal entry of January 12, 1983 indicates that no one representing appellants showed up at a scheduled pretrial on January 3, 1983. Furthermore, appellants made no attempts at discovery until after the motion to certify was filed. We note that the appellants did nothing to further adjudication of this matter from the time the city's motion for summary judgment was overruled in October 1978 until a pretrial was held in November 1982. During that four-year time span, appellants' original counsel had resigned and there was no indication that appellants had obtained other counsel. Finally, the action of appellants' counsel in refusing to provide a copy of the motion to certify hampered an expeditious and fair resolution of the issue.

While appellants' failure to vigorously pursue this lawsuit is the primary reason for our determination that Gannon has not adequately represented the proposed class, we also note that notice would have to be given to the proposed members of the class pursuant to Civ. R. 23(C)(2). There would be numerous problems in determining who would be members of the class at this point in time, twelve years after the fact.

Accordingly, we affirm the decision of the trial court.

*Judgment affirmed.*

McMANAMON, J., concurs.

MARKUS, J., concurs in judgment only.

---

[1] Ohio Civ. R. 23 is nearly identical to Fed. R. Civ. P. 23, and federal decisions are considered persuasive in the area of class actions. *Shibley* v. *Time, Inc.* (C.P. 1974), 40 Ohio Misc. 51, 58 [69 O.O.2d 495], affirmed (1975), 45 Ohio App. 2d 69 [74 O.O.2d 101]; Wallace, Prerequisites for a Class Action Suit Under Ohio Civil Rule 23 (1974), 2 Ohio North. U.L. Rev. 343, 344.