These consolidated appeals raise the issue of whether the group of persons who have paid off National City Bank ("NCB") mortgages since January 12, 1996, and who allege that NCB did not record their mortgage satisfactions within the time set forth in R.C. 5301.36, should be certified as a class, pursuant to Civ.R. 23, for purposes of pursuing claims against NCB. In Case No. 82885, defendant NCB appeals from the order of the trial court which granted plaintiffs Tracy and Vincent Piros' motion to certify such class. In Case No. 82999, the Piros appeal from the order of the trial court, rendered after NCB filed a notice of appeal to this court, which reduced the certified class. For the reasons set forth below, we modify the order granting class certification, and affirm the order as modified (Case No. 82885) and dismiss as moot the appeal from the order which reduced the certified class (Case No. 82999).
On April 12, 2002, plaintiff Tracy Piro[1] filed this action against NCB on behalf of herself and the class of persons "who since January 12, 1996 paid off residential mortgages recorded in Ohio secured by two or fewer residential units where National City Bank was the mortgagee — where releases weren't recorded with the county recorders within 90 days * * * as required by R.C. 5301.36(B)[2] — entitling Piro and the class to $250 automatic damages under R.C. 5301.36(C) for each late recording."
NCB denied liability and asserted that the matter should not be maintained as a class action. Plaintiffs argued that the matter should be certified into two subclasses: (A) those Ohio mortgagors who, since January 12, 1996, could assert a violation of R.C. 5301.36; and (B) mortgagors from six other states who asserted similar claims against NCB pursuant to the controlling statutes of their respective jurisdictions. Plaintiffs and NCB filed briefs and supporting evidentiary materials, and the trial court held a hearing on the issue of class certification on February 14, 2003. Thereafter, on April 10, 2003, the trial court granted the motion for certification as to subgroup (A), finding that the Supreme Court's decision in In re Consolidated Mortgage Satisfaction Cases
(2002), 97 Ohio St.3d 465, was dispositive of the matter.
On May 2, 2003, the trial court held additional proceedings on the matter concerning whether the claims would be subject to the six year limitations period originally applied by the court, or whether the claims were subject to a one year limitations period, as set forth by this court in Jenkins v. Fidelity Financial Services of Ohio (Dec. 2, 1999), Cuyahoga App. No. 75439, at 12. On May 12, 2003, NCB filed a notice of appeal from the order granting certification of subgroup (A). (Case No. 82885).
On May 23, 2003, the trial court issued an order limiting subgroup (A) to "All persons, since January 12, 2001, whose residential mortgages recorded in Ohio were paid off, but where National City Bank as mortgage holder did not record releases with the county recorders within 90 days of payoff." The Piros filed a notice of appeal from this order. (Case No. 82999).
 I. NCB's Appeal
Within its assignments of error, NCB contends that the trial court erred in granting plaintiffs' motion for class certification. NCB maintains the trial court erred in finding that the Supreme Court's decision in In re Consolidated Mortgage Satisfaction Cases, supra, to be dispositive of this matter. NCB challenges this conclusion and asserts that the definition of the proposed class is impermissibly merits-based, that plaintiffs failed to establish that common issues predominate the case or that a class action is a superior manner of resolving the issues raised herein, and that plaintiffs lack standing because they have sold the residence which was the subject of the mortgage at issue.
In Hamilton v. Ohio Savings Bank (1998), 82 Ohio St.3d 67, 69,1998 Ohio 365, 694 N.E.2d 442, the Ohio Supreme Court stated the standard of review of decisions to certify a class action, as follows:
"A trial judge has broad discretion in determining whether a class action may be maintained and that determination will not be disturbed absent a showing of an abuse of discretion. * * *. However, the trial court's discretion in deciding whether to certify a class action is not unlimited, and indeed is bounded by and must be exercised within the framework of Civ.R. 23. The trial court is required to carefully apply the class action requirements and conduct a rigorous analysis into whether the prerequisites of Civ.R. 23 have been satisfied."
Accord Marks v. C.P. Chem. Co., Inc. (1987), 31 Ohio St.3d 200,509 N.E.2d 1249, syllabus ("A trial judge has broad discretion in determining whether a class action may be maintained and that determination will not be disturbed absent a showing of an abuse of discretion."); Ojalvo v. Bd. of Trustees of Ohio State Univ. (1984),12 Ohio St.3d 230, 466 N.E.2d 875 (applying abuse of discretion standard.)
Civ.R. 23 sets forth seven requirements that must be satisfied before a case may be maintained as a class action. Those requirements are as follows: (1) an identifiable class must exist and the definition of the class must be unambiguous: (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impracticable; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be satisfied. See Hamilton v. Ohio Savings Bank (1998), 82 Ohio St.3d 67,79, 1998 Ohio 365, 694 N.E.2d 442.
In addition, in an action for damages, the trial court must specifically find, pursuant to Civ.R. 23(B), that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Id.
The party seeking to maintain a class action has the burden of demonstrating that all factual and legal prerequisites to class certification have been met. Gannon v. City of Cleveland (1984),13 Ohio App.3d 334, 335, 469 N.E.2d 1045. A class action may be certified only if the court finds, after a rigorous analysis, that the moving party has satisfied all the requirements of Civ.R. 23. Hamilton, supra at 70.
 A. Identifiable Class
With regard to the first requirement, that there be a sufficiently definite class, we note that the class definition must be precise enough "to permit identification within a reasonable effort." See Hamilton,
supra at 72. The focus at this stage is on how the class is defined, and "[t]he test is whether the means is specified at the time of certification to determine whether a particular individual is a member of the class." Planned Parenthood Assn. of Cincinnati, Inc. v. ProjectJericho (1990), 52 Ohio St.3d 56, 63, 556 N.E.2d 157, 165. The court later explained, in Hamilton v. Ohio Savings, supra, that the trial court should look to the actions or practices of the defendant in order to define the class. Id. at 73.
In this matter, plaintiffs specified a means to determine whether a particular individual is a member of the class, i., e, whether he or she, since 1996 satisfied a mortgage "where National City Bank was the mortgagee — where releases weren't recorded with the county recorders within 90 days * * * as required by R.C. 5301.36(B)." Determination of whether an individual is a member of this class is clearly ascertainable by consideration of the alleged actions and/or practices of NCB. The trial court properly determined that there is a sufficiently definite class. Moreover, we note that in In re ConsolidatedMortgage Satisfaction Cases, supra, the properly certified class consisted of "(1) persons who were in the past a mortgagor on any residential mortgage upon which the defendants were the mortgagees at the time the indebtedness secured by said mortgage was paid in full; (2) who paid in full the amounts due and owing under the residential mortgage during specified periods and who are otherwise entitled to a release or satisfaction of mortgage; and (3) whose satisfaction of mortgage was not recorded within 90 days of the mortgage being paid in full by the mortgagor." This class definition is analogous to the definition approved herein.
NCB complains that the potential class may only be determined through examination of the merits, and that it has "no single document or database that shows * * * when their mortgages were satisfied." Moreover, NCB maintains that after it submits the mortgage releases to the county recorder, it has no control over how or when "a county recorder handles a release." (NCB's Brief at 5).
We cannot accept NCB's arguments. Without considering the merits per se, the alleged conduct of NCB is a common factor for all class members. As noted previously, it is possible to define the class on the basis of the manner in which the defendant acted toward the mortgagors. The intricacies of the operations of the various county recording offices are not at the heart of this dispute. Cf. R.C. 5301.34; Pinchot v. CharterOne (April 11, 2002), Cuyahoga App. No. 79359, at 20. Insofar as the trial court determined that there is an identifiable class, it did not abuse its discretion.
 B. Class Membership
The class membership prerequisite requires only that "the representative have proper standing. In order to have standing to sue as a class representative, the plaintiff must possess the same interest and suffer the same injury shared by all members of the class that he or she seeks to represent." Howard, supra, quoting 5 Moore's Federal Practice (3 Ed. 1997) 23-57, Section 23.211 and citing Wright, Arthur R. Miller Mary Kay Kane, Federal Practice and Procedure (2 Ed. 1986) 137-141, 149-150, Section 1761.
Plaintiffs allege that they were mortgagors who paid their mortgages and were entitled to a release, but their release of mortgage was allegedly not filed within 90 days. The record clearly demonstrates that the plaintiffs have the same interest and suffered the same alleged injury as the class as a whole. Accord Pyles v. Johnson,143 Ohio App.3d 720; 2001 Ohio 2478; 758 N.E.2d 1182.
NCB contends that plaintiffs are not members of the class and lack standing to bring this class action because they no longer own the property. We reject this claim, as R.C. 5301.36 is written with reference to "mortgagors," and not "current owners." Further, it is doubtful that any mortgagor would learn of the claimed recording deficiencies unless he or she attempted to mortgage or sell his or her property.
 C. Impracticality or Numerosity
Under this requirement "one or more members of a class may sue or be sued as representative parties on behalf of all only if * * * the class is so numerous that joinder of all members is impracticable * * *." Civ.R. 23(A).
NCB acknowledges that there may be several thousand This number is sufficient. Warner v. Waste Management, Inc. (1988), 36 Ohio St.3d 91,521 N.E.2d 1091. See, also, Tr. 32 (conceding numerosity requirement).
 D. Commonality
The requirement of "questions of law or fact common to the class" is met where there is a common nucleus of operative facts, or a common liability issue. Marks, supra, 31 Ohio St.3d at 202,509 N.E.2d at 1252-1253; Warner, supra, 36 Ohio St.3d 91, 521 N.E.2d 1091, paragraph three of the syllabus.
The essence of this matter is whether NCB violated its duties under R.C. 5301.36. The focus is upon the time that the mortgages were satisfied, and NCB's operation and practices relating to that satisfaction. The claims arose from the same course of conduct and are based on a common legal theory, and therefore share "questions of law or fact common to the class" as required under Civ.R. 23. Cf. In reConsolidated Mortgage Satisfaction Cases, supra at 468 ("Clearly the claims brought by each plaintiff invoke a common question of law; whether a particular lender violated its duty to record a satisfaction of mortgage.") Accord Jenkins v. Fidelity Financial Services of Ohio (Dec. 2, 1999), Cuyahoga App. No. 75439, at 12.
NCB asserts that the class members do not share a common factual link because an individualized inquiry involving numerous documents and witnesses must be conducted as to each claimant. In particular, NCB claims that it does not have the records of the county recorders and that, following receipt of the mortgage satisfaction from NCB, the various county recorders have divergent practices which affect the time of the filing of the release of the mortgages.
These arguments fail to take into account the provisions of R.C. 5301.34. See Pinchot v. Charter One (April 11, 2002), Cuyahoga App. No. 79359, at 20.
The trial court properly determined that this requisite element was established herein.
 E. Typicality and Adequate Representation
The requirement of typicality is met where there is no express conflict between the class representatives and the class. Howard, supra,82 Ohio St.3d at 77. The representative is adequate where his or her interest is not antagonistic to that of other class members. Id., citing Warner,
supra, 36 Ohio St.3d at 98, 521 N.E.2d at 1097.
NCB has conceded that plaintiffs' counsel is adequate, (Tr. 32). In addition, the record shows that plaintiffs researched, filed and pursued the claim and participated in discovery. Nothing has been presented to manifest any inadequacy or to demonstrate that plaintiffs have any interest which conflicts with the general interests of the class. Further, it has not been suggested that plaintiffs are pursuing other individual claims. Cf. Jenkins v. Fidelity Financial Services of Ohio,
supra. This requirement was established.
 F. Other Civ.R. 23(B)(3) Requirements
In addition to the factors set forth previously, Civ.R. 23(B)(3) provides that an action may be maintained as a class action if:
"the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (d) the difficulties likely to be encountered in the management of a class action."
NCB asserts that common issues do not predominate. In support of this contention, NCB submits that following receipt of the mortgage satisfaction from NCB, the various county recorders implement different procedures which affect the time of the filing of the release of the mortgages, and that it does not have such records in its possession. NCB further asserts that other records concerning whether the properties have been subsequently sold are also out of its possession.
Despite NCB's contentions, we conclude that common issues predominate. As noted by the Supreme Court in In re Consolidated Mortgage Claims,
supra, "the claims brought by each plaintiff [asserting violations of R.C. 5301.36] invoke a common question of law: whether a particular lender violated its duty to record a satisfaction of mortgage." Accordingly, there is a factual link connecting the claims of the class. Moreover, although NCB outlines divergent handling practices that may be employed by the various county recorders, the "gravamen of every complaint . . . is the same and relates to the use of standardized procedures and practices," Hamilton supra.
As to the issue of whether a class action is the superior method for handling the claims of the class, NCB asserts that there has been no comparative evaluation of other available procedures and that because of the individualized nature of the proof of each member's claim, a class action is not the superior method of managing this litigation.
We do not agree. In In re Consolidated Mortgage Satisfaction Claims,
supra, the Supreme Court concluded that the class action was the superior method for adjudicating mortgagors' claims against their lenders for violations of R.C. 5301.36. The Court found persuasive the appellants' argument that the individual plaintiffs did not have the financial wherewithal to undertake the expense of litigation to recover the small amount of damages recoverable. The Court further noted that a separate action for each would clog the docket of the common pleas court, and that the risks inherent to managing the suits as a class action was "overpowered by the circumstances supporting class action certification." Id. at 469. The additional requirements set forth in Civ.R. 23(B)(3) were met herein.
In accordance with all of the foregoing, we conclude that the trial court did not abuse its discretion in certifying this matter as a class action. NCB's assignments of error are without merit.
We note, however, that in Jenkins v. Fidelity Financial (Dec. 2, 1999), Cuyahoga App. No. 75439, this court held that an action for recovery under R.C. 5301.36(C) is an action upon a statute for a penalty or forfeiture which is subject to the one year limitations period of R.C. 2305.11(A). Accordingly, the trial court's order of April 10, 2003, is hereby modified to define the class not as the "group of persons who have paid off National City Bank ("NCB") mortgages since January 12, 1996," but as the "group of persons who have paid off National City Bank ("NCB") mortgages since January 12, 2001."
Case No. 82885 is hereby modified, and as modified, is affirmed.
 II. PIROS' APPEAL
In their appeal, the Piros maintain that the trial Court's April 10, 2003 order granting class certification was a final appealable order and that following NCB's May 12, 2003 notice of appeal from this ruling, the trial court did not have jurisdiction when it reduced the claimants in the class in an order journalized on May 23, 2003.
Final orders are defined in 2505.02 which provides in relevant part as follows:
"(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
"(5) An order that determines that an action may or may not be maintained as a class action."
Accordingly, a judgment granting a party class action certification is a final appealable order that must be appealed within thirty days of its issuance. Dayton Women's Health Ctr. v. Enix (1990), 52 Ohio St.3d 67,555 N.E.2d 956, syllabus; Blumenthal v. Medina Supply Co. (2000),139 Ohio App.3d 283, 743 N.E.2d 923.
Further, where a party files a timely notice of appeal from a final order, this action divests the trial court of jurisdiction to alter the order. Stewart v. Zone Cab of Cleveland, Cuyahoga App. No. 79317,2002 Ohio 335, citing Harkai v. Scherba Industries, Inc. (2000),136 Ohio App.3d 211, 215, 736 N.E.2d 101.
In this case, the trial court granted the motion to certify on April 10, 2003. NCB filed a notice of appeal from this ruling on May 12, 2003, and on May 22, 2003, the trial court issued an additional opinion and journal entry in which it reduced the class to those claimants whose actions were within the one year limitations period set forth by this court in Jenkins v. Fidelity Financial (Dec. 2, 1999), Cuyahoga App. No. 75439. This order was journalized on May 23, 2003.
We conclude that the order granting the motion to certify was a final appealable order. Upon NCB's filing of a notice of appeal from this order on May 12, 2003, the trial court was divested of jurisdiction. Accordingly, the trial court had no jurisdiction when it reduced the class of claimants in the May 23, 2003, opinion and order. Nonetheless, because this court has modified the April 10, 2003 order to reflect the limitations period set forth in Jenkins, supra, which is the essence of the trial court's May 23, 2003 entry, this appeal is moot.
Case No. 82999 is hereby dismissed as moot.
Anthony O. Calabrese, Jr., J., and Kenneth A. Rocco, J., concur.
[1] In an amended complaint, plaintiff Vincent Piro was added as a named plaintiff.
[2] R.C. 5301.36 provides in pertinent part as follows:
(B) Within ninety days from the date of the satisfaction of a residential mortgage, the mortgagee shall record the fact of the satisfaction in the appropriate county recorder's office and pay any fees required for the recording. The mortgagee may, by contract with the mortgagor, recover the cost of the fees required for the recording of the satisfaction by the county recorder.
(C) If the mortgagee fails to comply with division (B) of this section, the mortgagor may recover, in a civil action, damages of two hundred fifty dollars. This division does not preclude or affect any other legal remedies that may be available to the mortgagor.