DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Myrtle Martin, appeals from a judgment of the Summit Count Court of Common Pleas that determined that her action against appellee, Service Corporations International ("SCI") and other defendants, would not be certified as a class action. We affirm.
 {¶ 2} On May 11, 2000, Martin filed a complaint against SCI and other defendants, alleging claims for fraud and violations of the Consumer Sales Practices Act and the Corrupt Practices Act. The allegations in her complaint are briefly summarized as follows. In 1990, Martin entered into an installment contract with the defendants for a burial site at Rose Hill Burial Park in Akron and, by 1993, had paid all installments due on the contract. In 1995, Martin entered into another installment contract with the defendants for the purchase of a granite memorial for her grave site.
 {¶ 3} Martin further alleged that, in 1998, one of defendants' sales people contacted her by telephone and asked to come to her home, misrepresenting the reason for her visit. Martin reluctantly allowed the sales person to come to her home. During the sales person's visit, Martin was pressured into purchasing new services (grave opening and closing services) and, in the process, Martin was deceived into rewriting and refinancing the 1995 grave memorial contract. Martin's complaint focused on the specific sales tactics used, including the sales person's persistence and her failure to inform Martin of the financial consequences of rewriting the 1995 contract.
 {¶ 4} Martin also sought certification of a class action, asserting that the defendants had deceived numerous other people into rewriting, and hence refinancing, their existing installment contracts. Without holding a hearing on the issue, the trial court denied the class certification, holding that Martin could not establish the element of numerosity. Martin appealed that determination and we reversed and remanded the case, finding that the element of numerosity had been established and that the trial court should hold a hearing to determine the other class action certification issues. See Martin v. ServicesCorp. Internatl. (June 20, 2001), 9th Dist. No. 20392.
 {¶ 5} On March 15, 2002, a magistrate held a hearing on the issue of class certification and concluded that Martin had failed to establish, among other requirements, the commonality requirement for certifying a class action. Both parties filed objections to the magistrate's decision. On June 1, 2004, the trial court overruled the objections and adopted the magistrate's decision and denied Martin's motion for class certification. Martin appeals, asserting four assignments of error. SCI cross-appeals, asserting one cross-assignment of error.
 ASSIGNMENT OF ERROR I
"The trial court abused its discretion by finding that Ms. Martin failed to establish [Civ.R.] 23(A)(2) commonality."
 {¶ 6} In her first assignment of error, Martin alleges that the trial court abused its discretion in finding that she failed to establish the Civ.R. 23(A)(2) requirement of commonality. We disagree.
 {¶ 7} A trial judge is given broad discretion when deciding whether to certify a class action. Marks v. C.P. Chem. Co. (1987), 31 Ohio St.3d 200, syllabus. The decision of the trial judge as to class certification should be affirmed absent a showing of an abuse of discretion. Baughmanv. State Farm Mut. Auto. Ins. Co. (2000), 88 Ohio St.3d 480, 483. An abuse of discretion connotes more than an error of law or judgment; it implies an attitude on the part of the trial judge that is unreasonable, arbitrary or unconscionable. Ojalvo v. Bd. of Trustees of Ohio StateUniv. (1984), 12 Ohio St.3d 230, 232. The trial court's decision should be given due deference and "[a] finding of abuse of discretion, particularly if the trial court has refused to certify, should be made cautiously." Marks, 31 Ohio St.3d at 201.
 {¶ 8} The party seeking to maintain a class action has the burden of demonstrating that all factual and legal prerequisites to class certification have been met. Gannon v. Cleveland (1984),13 Ohio App.3d 334, 335. A class action may be certified only if the trial court finds, after a rigorous analysis, that the moving party has satisfied all the requirements of Civ.R. 23. Hamilton v. Ohio Sav. Bank
(1998), 82 Ohio St.3d 67, 70. There are seven requirements that must be satisfied before an action may be maintained as a class action under Civ.R. 23:
"(1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impracticable; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be met." Id. at 71, citing Civ.R. 23(A) and (B) and Warner v. Waste Mgt., Inc. (1988),36 Ohio St. 3d 91.
 {¶ 9} The trial court found that Martin had failed to meet the several of the requirements of Civ.R. 23(A) set forth above, including the fourth requirement that there be common questions of law and fact to the class.
 {¶ 10} Civ. R. 23(A)(2) requires the presence of "questions of law or fact common to the class." Courts generally have given this requirement a permissive application. See Marks, 31 Ohio St.3d at 202. There need not be a complete identity of claims among all class members, but a plaintiff seeking class action certification must make some threshold showing of a "common nucleus of operative facts." See Miles v. N.J. Motors (1972),32 Ohio App.2d 350. In other words, common facts alone are not sufficient unless they have legal significance.
"`If there is a common liability issue, [Fed.R.Civ.P.] 23(a)(2) is satisfied. Similarly if there is a common fact question relating to negligence, or the existence of a contract or its breach, or a practice of discrimination, or misrepresentation, or conspiracy, or pollution, or the existence of a particular course of conduct, the Rule is satisfied. * * *'" Warner v. Waste Mgmt. (1988), 36 Ohio St.3d 91, 97, quoting Miller, An Overview of Federal Class Actions: Past, Present and Future (2 Ed. 1977), at 24.
 {¶ 11} "Commonality may be found where the basis for liability is common to the proposed class or where a common factual question exists on issues of negligence, breach of contract, illegal practice, or other applicable causes of action[.]" (Citations omitted.) Grant v. BectonDickinson Co., 10th Dist. No. 02AP-894, 2003-Ohio-2826, at ¶ 36. See, also, Hansen v. Landaker (Dec. 7, 2000), 10th Dist. Nos. 99AP-1191 and 99AP-1192 (indicating that commonality requires a common issue of liability.)
 {¶ 12} To support her motion for class certification, Martin pointed to common facts, but she failed to demonstrate that she shared a common theory of liability with even a single other person. Martin presented evidence that the defendants often contact existing customers for "project updates," and that approximately twenty percent of those calls result in new sales and those sales represent a significant portion of the defendants' sales. Those facts, however, did not demonstrate that anyone else had similar liability claims against any of the defendants.
 {¶ 13} Martin presented evidence that the defendants used form contracts and documents, stressing that actions based on such written forms are often appropriate for class action treatment. See Cope v.Metro. Life Ins. Co. (1998), 82 Ohio St.3d 426, 430 (distinguishing actions based on alleged misrepresentations in written forms from claims based on allegations of oral misrepresentations). Martin is not challenging the contracts on their face, however, nor is she alleging that she was defrauded or deceived by any written representations made by the defendants.
 {¶ 14} Instead, Martin's claims stem from the alleged fraudulent and deceptive sales tactics used by the sales person who called her on the telephone and visited her home. The alleged misrepresentations and omissions were made orally by the sales person and, accepting all allegations in Martin's complaint as true, might well have been an isolated incident by an overzealous salesperson. Although Martin alleged that the same practices were commonly employed by the defendants, she pointed to no evidence to establish that essential common thread.
 {¶ 15} Suggesting that defendants' sales people were trained to deceive their customers, Martin introduced SCI's sales manual, yet she failed to point to anything in the manual that advocated the use of any deceptive practices. The sales manual does not encourage employees to misrepresent the purpose of their sales call, nor does it indicate that sales people should pressure customers into rewriting contracts without informing them of the financial consequences. In fact, the pages cited by Martin actually demonstrate that sales people were trained that they had various options when making changes to an existing contract and that their focus in making any change should be on the needs of the customer and the status of the existing contract.
 {¶ 16} The allegations in Martin's complaint focus on the specific tactics that were used by the sales person who visited her home. Martin did not present the testimony of any other customers or sales people to establish that anyone else had been similarly pressured into rewriting their contract with similar financial ramifications without a full explanation of that outcome. At the certification hearing, Martin conceded that she had no reason to know what the defendants' salespeople said to other customers when they visited their homes.
 {¶ 17} The only other evidence on this issue came through the testimony of an employee of the defendants. He testified that, although salespeople do routinely visit existing customers to try to sell them new products and services, they are not trained to misrepresent the reason for their visit, nor are they encouraged to pressure existing customers to purchase new products when they are not interested.
 {¶ 18} Martin did not present any evidence that there is even one potential class member with whom she shares a common theory of liability. Because it was her burden to make a threshold showing of commonality, the trial court did not abuse its discretion in failing to certify a class action in this case. The first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"The trial court abused its discretion by finding that Ms. Martin failed to establish [Civ.R.] 23(A)(3) typicality."
 ASSIGNMENT OF ERROR III
"The trial court abused its discretion by finding that Ms. Martin failed to establish [Civ.R.] 23(A)(4) adequacy of representation."
 ASSIGNMENT OF ERROR IV
"The trial court abused its discretion by failing to address all of the [Civ.R.] 23 factors as directed by the Ninth District Court of Appeals in its June 2001 decision."
 {¶ 19} In her three remaining assignments of error, Martin raises other challenges to the trial court's denial of her motion to certify a class in this case. Because we found that the trial court properly found that the element of commonality was lacking, and Martin was required to establish all of the requirements of Civ.R. 23(A), Martin's remaining assignments of error have been rendered moot and will not be addressed. See App.R. 12(A)(1)(c).
 CROSS-ASSIGNMENT OF ERROR
"The trial court erred in finding that [Martin] has standing to sue Rose Hill Securities Company."
 {¶ 20} Through its cross-assignment of error, SCI challenges the trial court's finding that the only corporate defendant that Martin had standing to sue is Rose Hill Securities Company. SCI insists that the evidence at the hearing before the magistrate demonstrated that Martin contracted with a different entity, Rose Hill Burial Park, and that she had no dealings with Rose Hill Securities Company. This factual finding was made by a magistrate and later adopted by the trial court. Therefore, SCI can assign error to this finding only if it properly preserved its right to appellate review pursuant to Civ.R. 53(E), which it did not.
 {¶ 21} Civ.R. 53(E)(3)(d) provides that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Although SCI did file objections to the magistrate's decision, it challenged only the magistrate's finding that SCI had waived its right to assert that potential counterclaims against certain class members should defeat class certification. SCI did not raise an objection to the magistrate's finding regarding Martin's standing to sue Rose Hill Securities Company. Consequently, Martin failed to comply with the requirements of Civ.R. 53(E) and we do not reach the merits of the crossassignment of error.
 {¶ 22} Martin's first assignment of error is overruled. We decline to address her three remaining assignments of error because they have been rendered moot. The cross-assignment of error will not be addressed because it was not preserved for appellate review. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant/Cross-Appellee.
Exceptions.
Carr, J., Batchelder, J., concur.