{¶ 1} Plaintiff-appellant, James Margulies ("appellant"), appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I {¶ 2} According to the record, appellant signed an application for life insurance with The Guardian Life Insurance Company of America ("Guardian") on May 7, 2001. Appellant paid his first annual premium on June 29, 2001, and Guardian issued a policy to appellant on that date. While the policy contained a policy date of June 14, 2001, appellant's insurance policy and corresponding coverage became effective June 29, 2001. All future annual payments were due on June 14 of each successive year. The next annual premium was due on June 14, 2002. The amount of appellant's first annual premium and all successive annual premiums were the same. Appellant's first annual premium provided him coverage from June 29, 2001 to June 14, 2002 — less than 365 days. Appellant's next annual premium payment, and all of those thereafter, provided him 365 days of coverage.
 {¶ 3} On January 7, 2002, appellant filed a complaint containing two counts, one for breach of contract and one for unjust enrichment. Appellant alleged Guardian failed to adequately disclose that it charged the first annual premium for a period of time that was less than a calendar year. Appellant alleged that this practice by Guardian created a "risk free period" of time where premiums were applied, but no coverage was provided in violation of their contract. In the *Page 4 
alternative, appellant alleged Guardian was unjustly enriched for the period of time prior to the payment of the first premium and the commencement of the contract.
 {¶ 4} On February 28, 2002, Guardian moved to dismiss the complaint for failure to state a claim upon which relief can be granted. On August 12, 2002, the trial court granted Guardian's motion. Appellant then appealed to this court. The trial court's ruling was reversed on April 17, 2003. In Margulies v. Guardian Life Ins. Co. of Am., Cuyahoga App. No. 81737, 2003-Ohio-1959 (hereinafter "Margulies T), this court held that "[r]equiring an insured to read four distinct sections, contained in two separate documents comprising an insurance contract, to gain an understanding of something as basic as the length of the initial coverage term renders this contract ambiguous." Id. at 24.
 {¶ 5} After the case was sent back to the trial court, appellant moved for class certification on July 14, 2005, which the court denied on March 31, 2006. Appellant now appeals the lower court's ruling denying his motion for class certification.
 II {¶ 6} First assignment of error: "The trial court erred in denying plaintiff's motion for class certification."
 {¶ 7} First cross-assignment of error: "Alternatively, the trial court erred in concluding that Mr. Margulies is typical."
 {¶ 8} Second cross-assignment of error: "Alternatively, the trial court erred in concluding that common issues of fact `could' predominate." *Page 5 
 III {¶ 9} Appellant argues that the court erred in denying his motion for class certification, and Guardian argues that the court erred when it concluded appellant was typical and common issues of fact could predominate. Because of the substantial interrelation between appellant's error and Guardian's cross-assignments of error, we shall address them together below.
 {¶ 10} At the outset, we are mindful that a trial judge is given broad discretion when deciding whether to certify a class action. In reConsolidated Mtge. Satisfaction Cases, 97 Ohio St.3d 465,2002-Ohio-6720, 780 N.E.2d 556, p. 5, citing Marks v. C.P. Chem. Co.,Inc. (1987), 31 Ohio St.3d 200, 31 Ohio B. 398, 509 N.E.2d 1249, syllabus; Schmidt v. Avco Corp. (1984), 15 Ohio St.3d 310, 312-313,15 Ohio B. 439, 473 N.E.2d 822. "Absent a showing of abuse of discretion, a trial court's determination as to class certification will not be disturbed." Id.
 {¶ 11} The appropriateness of applying the abuse of discretion standard in reviewing class action determinations is grounded not in credibility assessment, but in the trial court's special expertise and familiarity with case-management problems and its inherent power to manage its own docket. Hamilton v. Ohio Savings Bank, 82 Ohio St.3d 67,70, 1998-Ohio-365, 694 N.E.2d 442, citing Marks, supra; In re Nlo,Inc. (C.A. 6, 1993), 5 F.3d 154, 157. Nevertheless, the trial court's discretion is not unlimited and must be bound by and exercised within the framework of Civ.R. 23. Thus, "the trial court is required to carefully apply the class action requirements and *Page 6 
conduct a vigorous analysis into whether the prerequisites of Civ.R. 23 have been satisfied." Holznagel v. Charter One Bank (Dec. 14, 2000), Cuyahoga App. No. 76822.
 {¶ 12} Seven requirements must be satisfied before a court may certify a case as a class action pursuant to Civ.R. 23: 1) an identifiable class must exist and the definition of the class must be unambiguous; 2) the named representatives must be members of the class; 3) the class must be so numerous that joinder of all members is impractical; 4) there must be questions of law or fact common to the class; 5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; 6) the representative parties must fairly and adequately protect the interests of the class; and 7) one of the three Civ.R. 23(B) requirements must be met. Civ.R. 23(A) and (B); Warner v. Waste Mgt,Inc. (1988), 36 Ohio St.3d 91, 96-98, 521 N.E.2d 1091.
 {¶ 13} Civ.R. 23(B) states the following:
 "(B) Class actions maintainable. — An action may be maintained as a class action if the prerequisites of subdivision (A) are satisfied, and in addition:
 (1) the prosecution of separate actions by or against individual members of the class would create a risk of
 (a) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class; or
 (b) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other *Page 7 
members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
 (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
 (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (d) the difficulties likely to be encountered in the management of a class action."
 {¶ 14} In an action for damages, the trial court must specifically find, pursuant to Civ.R. 23(B), that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Hamilton v. Ohio Savings Bank, 82 Ohio St.3d 67, 79,1998-Ohio-365.
 {¶ 15} The party seeking to maintain a class action has the burden of demonstrating that all factual and legal prerequisites to class certification have been met. Gannon v. City of Cleveland (1984),13 Ohio App.3d 334, 335, 13 Ohio B. 412, 469 N.E.2d 1045. A class action may be certified only if the court finds, after a *Page 8 
rigorous analysis, that the moving party has satisfied all the requirements of Civ.R. 23. See Hamilton, supra, at 70.
 {¶ 16} In the case at bar, appellant's proposed class cannot be identified with a reasonable amount of effort. Guardian would have to conduct a thorough and extensive review of thousands of prospective plaintiffs on an individual case-by-case basis. Guardian's insurance applications had at least two payment options. Applicants could either pay upon application or pay once the application had been approved and delivered back to the applicant. Either way, a manual review of each file and/or an interview with each policyholder and his or her respective insurance agent would be required in order to determine who paid premiums for Guardian life insurance policies for a period of time prior to the effective date of their insurance coverage.
 {¶ 17} In addition, Guardian states in the record that it does not maintain an electronic database of which policyholders purchased temporary coverage. A policyholder who wants to obtain temporary coverage does so upon application by means of a conditional receipt form. The determination of which policyholders purchased temporary coverage would, therefore, require a manual review of thousands of policy files at the home office for conditional receipt forms.[1]
 {¶ 18} Guardian does not keep electronic records of when coverage commenced. The date of delivery can be determined by a delivery receipt form *Page 9 
which each agent is instructed to obtain from the policyholder upon delivery and provide to a local general agent. The date of the first premium payment can be determined by the date of the policyholder's check. As a result, the determination of when coverage commenced for each policyholder would require a manual review of each of the thousand of policyholder files for both a delivery receipt and check for the first premium. Accordingly, the evidence demonstrates this class cannot be identified with a reasonable amount of effort.
 {¶ 19} According to the trial court's March 31, 2006 opinion and judgment entry:
 "Margulies applied for insurance with Guardian on May 17, 2001. Guardian issued a policy to Margulies on June 29, 2001 with a policy date of June 14, 2001. Margulies paid the initial premium on June 29, 2001. The first policy period encompassed June 29, 2001 through June 14, 2002 when the next annual premium was due.
 "Since Margulies did not pay for the policy until June 29, 2001, and the policy listed an effective date of June 14, 2001, Margulies did not pay his initial premium for any period of time prior to the effective date of the coverage.
 "Whether using June 29, 2001 or June 14, 2001 as the effective date of the policy, the fact is that Margulies paid his initial premium on June 29, 2001, which is not prior to the effective date of the policy."
 {¶ 20} Appellant claims to represent a class of policyholders who "paid premiums for Guardian life insurance policies for a period of time prior to the effective date of their life insurance coverage."[2]
However, appellant did not pay his *Page 10 
first two monthly premiums until June 29, 2001. Therefore, by the terms of the application, June 29, 2001 is when coverage commenced. Accordingly, appellant did not pay any premiums prior to the effective date of coverage and, therefore, is not a member of the proposed class.
 {¶ 21} Civ.R. 23 mandates that the class must be so numerous that joinder of all members is impractical. According to the evidence in the record, the proposed class in the case at bar numbers in the thousands. We find that the numerosity element would be satisfied.
 {¶ 22} Although the numerosity element may be satisfied, appellant does not demonstrate common questions of law or fact common to the class. Moreover, appellant's claims are not typical of the claims or defenses of the class.
 {¶ 23} A rigorous analysis of the record in this case reveals that different members of the proposed class received materially different applications and policy language regarding when coverage commenced and when their premiums were due. For example, many Guardian policyholders, including appellant, will purchase policies that will last multiple years and require payment over a period of years. There have been two variations of such policies available to the proposed class members. One variation appears in the policies issued to appellant, and the other variation has materially different language regarding when premiums are due.[3] *Page 11 
 {¶ 24} In addition, there are Guardian policies which expire after only one year or which require only a single premium. The language regarding when premiums are due in those policies is materially different from the language in appellant's policy.[4] Accordingly, the class members who received different applications and policies will not have questions of law or fact in common. Furthermore, their claims or defenses will not be typical of the claims or defenses of the class.
 {¶ 25} Rule 23 requires that the representative parties must fairly and adequately protect the interests of the class. However, we stated previously that appellant is not a member of the class and, therefore, he cannot adequately represent the proposed class.
 {¶ 26} A class action may only be maintained if all of the Rule 23(A) requirements and one of the Rule 23(B) requirements are met. We find the evidence in the record demonstrates that appellant failed to satisfy all of the Rule 23(A) requirements. Accordingly, our analysis need not go any further. Even though all of the subdivision (A) elements have not been satisfied and our analysis can now end, we note that the Civ.R. 23(B)(3) elements of predominance and superiority are lacking. This is primarily due to the need to make thousands of complex *Page 12 
individualized determinations regarding a significant number of insurance policies and policyholders involving many different locations.
 {¶ 27} Accordingly, we find no abuse of discretion on the part of the lower court in its denial of appellant's motion for class certification.
 {¶ 28} Appellant's assignment of error is overruled.
 {¶ 29} Guardian argues in its two cross-assignments of error that the lower court erred in concluding that appellant is typical and common issues of fact "could" predominate.
 {¶ 30} The lower court provided the following under the typicality heading in its opinion and judgment entry:
 "Here, the plaintiff claims that the defendant's practice of changing an initial annual premium without providing corresponding coverage is typical of all the proposed plaintiff's claims. If the class could be identified then typicality would be satisfied."[5]
(Emphasis added.)
 {¶ 31} Here, the lower court is merely speculating on a possible hypothetical outcome if the class could be identified. It is not designed to be an all encompassing or directive comment designed to direct the future course of this case. Indeed, Guardian states as much in its brief when it states the following, "One should not *Page 13 
read too much, therefore, into this hypothetical typicality ruling."[6] The court is merely providing an observation and not mandating a plan of action for the future.
 {¶ 32} Guardian argues in its second cross-assignment of error that the trial court erred in concluding that common issues of fact "could" predominate. The lower court provided the following in its opinion and judgment entry:
 "The plaintiff argues that the plaintiff and the class have been injured in the same way by the same action. If a class could be identified with reasonable effort, which this court maintains it could not because of the individualized inquiry needed, then common questions of law and fact could predominate."
 {¶ 33} Again, in this instance, the court is merely providing an incomplete observation; there is no error. Moreover, even if the comments would have resulted in error, given the nature of the comments, the error would have been harmless. After evaluating the evidence in the record, we find no merit in Guardian's argument and no error on the part of the lower court.
 {¶ 34} Accordingly, Guardian's cross-assignments of error are overruled.
Judgment affirmed.
The court finds that there were reasonable grounds for this appeal.
It is ordered that appellee recover from appellant costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. *Page 14 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J., CONCURS WITH SEPARATE OPINION; MARY EILEEN KILBANE, J., CONCURS
[1] McAleer affidavit, ¶¶ 8-12.
[2] Complaint, ¶ 9.
[3] Appellant's policies provide: "Due Date and Default. Annual premiums are due on each policy anniversary. Each periodic premium is due on the premium due date specified by Guardian. This policy will be in default on a due date if a due premium is not then paid. Compare this to the second variation which states the following: "Due Date and Default. The premium due date is the date on which the premium is payable. Any premium that is not paid on its due date is in default; this due date is the date of default." See appendix of Guardian, Tabs 3 and 21."
[4] See appendix of Guardian, Tabs 22, 23 and 24.
[5] See trial court's opinion and judgment entry, p. 5.
[6] Guardian's brief, p. 39.